Opinion
MALLANO, J.
Beresford Simmons (appellant) appeals from a judgment of dismissal following an order dismissing appellant’s personal injury action against the City of Pasadena (respondent) for delay in prosecution.
Facts
Appellant filed his complaint against respondent in the Pasadena Municipal Court on November 11, 1992. A year passed, and appellant had still not served the complaint on respondent. On November 17, 1993, the trial court issued an order “to show cause why Sanctions under CCP 177.5 or CCP 128.15; or a Dismissal of the entire action pursuant to CCP 583.410 and/or CRC 372 should not be imposed for failure to comply with the Local Rules regarding the Delay Reduction Standards of the following: [¶] Failure to *Supp. 3 File Any and All Papers/Documents Necessary to Bring the Matter to Trial or to Effect a Final Disposition as to All Issues and Parties to the Action.”
In response to the order to show cause, appellant filed, on December 13, 1993, a motion to transfer the case to the superior court and a single-page declaration by appellant’s newly substituted counsel stating that appellant had filed a motion to transfer the case to the superior court and requesting “that the Court stay any decision regarding this Order to Show Cause until plaintiff’s motion can be heard so that plaintiff will know whether to proceed in Municipal or Superior Court.”
On December 27, 1993, appellant served his complaint on respondent.
Although the order to show cause set a hearing on the order for December 20, 1993, for reasons not disclosed by the record on appeal, the hearing was actually held on January 20, 1994. On that date, the trial court ruled as follows: “ Dismissal Granted on the OSC [(order to show cause)].” The clerk served a notice of that ruling on January 27, 1994.
On February 7, 1994, appellant filed a motion to reconsider the trial court’s order of dismissal.[1] Appellant’s motion for reconsideration was heard and denied on April 4, 1994. A judgment of dismissal was entered on April 12, 1994.
Discussion
Appellant contends that the trial erred in ordering appellant’s case dismissed. We agree.
The trial court dismissed appellant’s case “On the OSC.” In its order to show cause, the trial court cites Code of Civil Procedure sections 177.5, 128.5, and 583.410, and rule 372 of the California Rules of Court as authority for the imposition of sanctions and the dismissal of appellant’s case for appellant’s purported “failure to comply with the Local Rules regarding the Delay Reduction Standards.”
Although Government Code sections 68612 and 68616 authorize trial courts to adopt trial delay reduction rules, our research reveals that the Pasadena Municipal Court has not adopted any such rules. At the time of *Supp. 4 oral argument, the parties were requested to submit further briefs addressing whether the Pasadena Municipal Court had adopted trial delay reduction rules. In its brief on that issue, respondent indicates that no such rules have been adopted.[2]
Detailed procedures for the adoption of local rules are set forth in the Government Code, the Code of Civil Procedure, and the California Rules of Court. Government Code section 68612 provides that “Judges shall, in consultation with the bar of the county to the maximum extent feasible develop and publish the procedures, standards, and policies which will be used in the (trial delay reduction) program, including time standards for the conclusion of all critical steps in the litigation process, including discovery, and shall meet on a regular basis with the bar of the county in order to explain and publicize the program and the procedures, standards, and policies which shall govern cases assigned to the program. The procedures, standards, and policies to be used in the program shall be filed, distributed, and maintained pursuant to Section 68071 and the California Rules of Court, and shall also be published for general distribution. In its discretion, the Judicial Council may assist in the development of, or may develop and adopt, any or all of such procedures, standards, or policies on a statewide basis.”
Government Code section 68071 provides that “No rule adopted by a superior, municipal, or justice court shall take effect until the January 1 or July 1, whichever comes first, following the 30th day after it has been filed with the Judicial Council and the clerk of the court and made immediately available for public examination. The Judicial Council may establish, by rule, a procedure for exceptions to these effective dates.”
Section 575.1 of the Code of Civil Procedure states, in pertinent part, that “(a) The presiding judge of each superior, municipal, and justice court may prepare, with the assistance of appropriate committees of the court, proposed local rules designed to expedite and facilitate the business of the court. The rules need not be limited to those actions on the civil active list, but may provide for the supervision and judicial management of actions from the date *Supp. 5 they are filed. Rules prepared pursuant to this section shall be submitted for consideration to the judges of the court and, upon approval by a majority of the judges, the judges shall have the proposed rules published and submitted to the local bar and others, as specified by the Judicial Council, for consideration and recommendations. [¶] (b) After a majority of the judges have officially adopted the rules, 61 copies . . . shall be filed with the Judicial Council as required by Section 68071 of the Government Code. The Judicial Council shall deposit a copy of each rule and amendment with each county law library or county clerk where it shall be made available for public examination. The local rules shall also be published for general distribution in accordance with rules adopted by the Judicial Council.”
Lastly, rule 981(e) of the California Rules of Court provides, in pertinent part, that “Each court shall file with the Judicial Council 75 copies of rules and amendments to rules adopted by the court .... The filing shall be accompanied by a certificate from the presiding judge, clerk, or court executive officer stating the court has complied with the applicable provisions of this rule. Rules that do not comply with this rule will not be accepted for filing by the Judicial Council.”
In summary, local rules should be developed in consultation with the bar, and the procedures for their adoption, filing, distribution, and maintenance should be followed. Compliance with these procedures will ensure that local rules will be properly disseminated to the bar and the public so that they can be fully aware of the standards to which they are being held. Unless a court provides proper notice of its rules, it cannot expect attorneys and the public to comply with them.
We hold that because the Pasadena Municipal Court had not adopted any trial delay reduction rules in compliance with the California Rules of Court and statutes governing the adoption of such rules, the trial court was without authority[3] to dismiss appellant’s case on the ground that appellant failed to comply with the trial court’s “Local Rules regarding the Delay Reduction Standards.”
*Supp. 6 Respondent contends that the trial court dismissed appellant’s case, not for delay in prosecution, but due to the untimeliness of appellant’s response to the trial court’s order to show cause. Although appellant’s response to the order to show cause was served three days late and filed six days late, it is clear from the record that the dismissal of appellant’s case was not due to the untimeliness of appellant’s response. The trial court’s January 20, 1993, minute order specifically states that appellant’s case was dismissed “On the OSC.” Accordingly, we do not reach the issue of whether the untimeliness of appellant’s response to the order to show cause would have been sufficient grounds for the dismissal of appellant’s case.
Respondent also contends that California Casualty Indemnity Ins. Co. v. Mendoza (1995) 36 Cal.App.4th 678 [42 Cal.Rptr.2d 258], supports the dismissal of appellant’s case. In that case, plaintiff failed to appear at a case management conference (CMC) and, subsequently, at a properly noticed order to show cause re dismissal. When the matter was dismissed, plaintiff did not seek relief pursuant to Code of Civil Procedure section 473, but appealed, claiming that the trial court had no authority to dismiss the case before the expiration of 12 months from the date it filed the complaint and that plaintiff was being required to make “needless appearances.” The Court of Appeal upheld the dismissal, observing that “the failure to appear at the CMC, and especially at the OSC regarding dismissal, before seeking relief from the appellate court, is improper. Counsel may not dictate what hearings a trial court may hold. The attempt to bypass the trial court to challenge the necessity of court appearances, is akin to failure to exhaust administrative remedies.” (Id., at p. 681, italics added.) In the instant matter, appellant did not fail to attend hearings. In addition, appellant filed a motion to reconsider the trial court’s dismissal. Thus, California Casualty is not applicable to this case.
For the reasons discussed above, the judgment is reversed and the case is remanded for further proceedings in the trial court consistent with this decision. Appellant is to recover costs on appeal.
Johnson, Acting P. J., and Watai, J., concurred.

On March 1,1994, the trial court issued a minute order vacating “nunc pro tunc” the order of dismissal. However, on March 9,1994, the trial court ruled that the March 1,1994, minute order was an error and that the case remained dismissed.

Respondent states in its brief: “At the oral argument of this case, the Court inquired as to the status of Fast Track Rules in the Pasadena Municipal Court, and directed Respondent City of Pasadena to ascertain if such rules had been adopted. The clerks of court, after conferring with Supervising Judge J. Michael Byrne, have advised me that no such rules were ever formally adopted by the Pasadena Municipal Court. Therefore, Respondent City of Pasadena apologizes to the Court and to Appellant Simmons for references to ‘fast track’ in its brief. Some of the Municipal Court judges and clerks have been under the impression that the Pasadena Municipal Court was operating under fast track rules, and we simply thought they were correct.”

The other authorities cited by the trial court in its order to show cause also do not authorize the dismissal of appellant’s case. Code of Civil Procedure sections 177.5 and 128.5 authorize the imposition of monetary sanctions only. Code of Civil Procedure section 583.410 authorizes the dismissal of an action only after two years have passed from the date the action was commenced. (Code Civ. Proc., § 583.420.) Likewise, rule 372 of the California Rules of Court authorizes the dismissal of cases for delay in prosecution, but not within the first two years after a case is commenced. As the trial court ordered appellant’s action dismissed less than two years after it was commenced, neither Code of Civil Procedure section 583.410 nor rule 372 of the California Rules of Court authorizes the trial court’s dismissal of appellant’s case.