[No. G021058. Fourth Dist., Div. Three. June 16, 1998.]

SIERRA CRAFT, INC., Plaintiff and Appellant, v.
MAGNUM ENTERPRISES, INC., Defendant and Appellant.

**COUNSEL**

George Sykulski and Loraine Todd for Plaintiff and Appellant.

Shaffer, Gold & Rubaum and Lawrence S. Rubaum for Defendant and Appellant.

## OPINION

**RYLAARSDAM, J.**—Orange County Superior Court Rules, rule 518[I] (Court Rules Service Daily J. Corp.), which purports to authorize the court to grant summary judgment in favor of a party opposing such a motion, violates Code of Civil Procedure section 437c (all further statutory references are to the Code of Civil Procedure unless otherwise indicated). The trial court cannot grant summary judgment, except to a party moving for such relief and complying with all of the requirements of section 437c. We therefore hold that the trial court erred in granting summary judgment in favor of respondent, a party which did not properly pursue such relief under the Code of Civil Procedure. We also hold that an order denying summary judgment is not appealable.

### FACTS

Appellant Sierra Craft, Inc. (Sierra) sued Magnum Enterprises, Inc. (Magnum), asserting a single cause of action for breach of contract under California Uniform Commercial Code sections 9502, subdivision (1) and 9318, subdivision (4). After Magnum filed its answer, Sierra moved for summary judgment. The separate statement supporting the motion contained some 93 separate facts which Sierra apparently considered to be material and contended were undisputed. Magnum's opposition indicated it contended approximately one-half of these allegedly undisputed facts were, in fact, disputed, but requested nevertheless that the court invoke a local rule of the Orange County Superior Court and grant summary judgment in its favor. Magnum did not file its own motion for summary judgment. The trial court granted summary judgment in favor of Magnum.

Sierra appealed, contending summary judgment should have been granted in its favor. Magnum filed a cross-appeal and entitled its brief "Respondent and Cross-Appellant's brief." We are unable to discern from this brief what relief Magnum seeks from this court.

### DISCUSSION

1. *Orange County Superior Court Rules, Rule 518[I]*

■ Orange County Superior Court Rules, rule 518 pertains to motions for summary judgment and summary adjudication of issues under section 437c. Rule 518[I] provides in pertinent part: "If the court determines from a review of all the evidence that the opposing party is entitled to summary judgment, . . . the court may render that judgment . . . even though the opposing party made no cross-motion."

Section 575.1 authorizes trial courts to adopt local rules. However, local rules and policies may implement but may not be inconsistent with statutory requirements. (Gov. Code, § 68070; *People* v. *Superior Court* (*Lavi*) (1993) 4 Cal.4th 1164, 1173, fn. 5 [17 Cal.Rptr.2d 815, 847 P.2d 1031]; *Sexton* v. *Superior Court* (1997) 58 Cal.App.4th 1403, 1411 [68 Cal.Rptr.2d 708].)

Section 437c provides a detailed procedural scheme for motions for summary judgment. These include requirements that: (1) a motion be filed at least 28 days "before the time appointed for hearing"; (2) all supporting papers be likewise filed at least 28 days before the hearing; (3) the motion be supported by "affidavits, declarations, admissions, answers to interrogatories, depositions, and matters of which judicial notice shall or may be taken"; and, (4) the motion be accompanied by "a separate statement setting forth plainly and concisely all material facts which the moving party contends are undisputed." Under the Orange County rule, the party in whose favor summary judgment may be granted need not file a motion, either at least 28 days before the hearing or at all, and need not file supporting documents or a separate statement.

Respondent did give notice it would seek summary judgment. It did so in its memorandum of points and authorities, which were filed on October 15, 1996. The motion was scheduled to be heard on October 29, well under the 28 days' notice requirement of section 437c. Respondent disputed many of the allegedly undisputed facts asserted by the moving party and asserted some 47 additional facts as being allegedly undisputed.

One of the vices of Orange County Superior Court Rules, rule 518[I] is that it ignores the requirement of section 437c permitting a party opposing summary judgment to file a responsive separate statement. Since Magnum merely opposed Sierra's motion for summary judgment, Sierra had no opportunity to file a statement indicating whether it agreed that the 47 additional material facts asserted by Magnum were undisputed; there is no provision in section 437c for such a response and none is needed if the procedures of that section are followed. It appears from the trial court's oral statement of decision, that the granting of the motion was essentially predicated on these asserted facts rather than on the allegedly disputed facts contained in Sierra's separate statement.

As noted by Sierra, local rules which conflict with section 437c have previously been ruled invalid. (See *Kalivas* v. *Barry Controls Corp.* (1996) 49 Cal.App.4th 1152 [57 Cal.Rptr.2d 200] [local rule requiring a joint statement of facts rather than a separate statement is invalid]; *Wells Fargo Bank* v. *Superior Court* (1988) 206 Cal.App.3d 918 [254 Cal.Rptr. 68] [local

rule requiring "complicated" motions for summary judgment to be heard prior to the trial setting conference is invalid since statute permits such motions to be heard up to 30 days before trial].) Summary judgment, although a very useful tool in litigation, is also a drastic remedy. Because of this, it is important that all of the procedural requirements for the granting of such a motion be satisfied before the trial court grants the remedy. Local rules may not provide a shortcut for these requirements. Orange County Superior Court Rules, rule 518[I] is not consistent with section 437c and is consequently invalid; the judgment resulting from the invocation of its procedures must be reversed.

### 2. *Appeal From Denial of Summary Judgment*

Sierra asks that the judgment be reversed and the cause remanded with directions to enter a judgment in its favor. In effect, Sierra thus asks us to reverse the trial court's denial of Sierra's motion for summary judgment. This we cannot do since an order denying summary judgment is not an appealable order.

Section 904.1 specifies those orders and judgments of the superior court from which an appeal may be taken. An order denying summary judgment is not one of these. Section 437c, subdivision (*l*) specifies that the judgment resulting from the *granting* of a motion for summary judgment is appealable, as is any other judgment. However, the same subdivision provides that the denial of such a motion may only be reviewed by way of a petition for extraordinary writ.

### DISPOSITION

The judgment is reversed. Each party shall bear its own costs on appeal.

Crosby, Acting P. J., and Sonenshine, J., concurred.