[No. G018434. Fourth Dist., Div. Three. June 30, 1998.]

ATRICK LOKEIJAK et al., Plaintiffs and Appellants, v.
CITY OF IRVINE, Defendant and Respondent.

COUNSEL

McPhillips & Associates, William M. McPhillips and Nancy M. Critelli for Plaintiffs and Appellants.

Woodruff, Spradlin & Smart, Daniel K. Spradlin and M. Lois Bobak for Defendant and Respondent.

OPINION

SILLS, P. J.—Department 17 of the Orange County Superior Court has a local court "policy" that discourages parties from filing motions for summary judgment and summary adjudication of issues.[1] The written policy complains that (1) the procedure set up by Code of Civil Procedure section 437c is unduly time-consuming, cumbersome, and expensive, (2) the motions are often a waste of time because they are usually denied due to "flaws in their format" or the "finding of triable material issues of fact," (3) parties learn nothing from the denial of these motions "because their denial resolves nothing," and (4) the "questions of law and/or fact" could be quickly and finally resolved if a "different format" were used.[2]

The policy instructs the parties, if possible, to agree to an "appropriate alternative" before drafting a motion for summary judgment. It explains: "[I]f a party contends certain facts (or their absence) dictate a result in his or

[1]It is uncertain why the court calls it a "policy." If it is to avoid the requirements of Code of Civil Procedure section 575.1, subdivision (c), the maneuver fails. (See *Kalivas* v. *Barry Controls Corp.* (1996) 49 Cal.App.4th 1152, 1159 [57 Cal.Rptr.2d 200].) The trial court may call it a policy, but as Shakespeare might say, a rule by any other name is still a rule.

[2]The policy reads: "So You Want To Move For Summary Judgment . . . .

"Motions for summary judgment and summary adjudication, generally considered the holes-in-one of pre-trial litigation, invariably require significant labor by both moving and responding parties in their writing and opposition, (presumably at considerable expense to the clients), and commensurate endeavor by the court in reading and analysis. Yet most of this work is wasted, since the overwhelming majority of such motions are denied, either due to flaws in their format or the finding of triable issues of fact. The result? Investment of

her favor, those facts can be decided in the context of a 'mini-trial' conducted, say, on stipulated facts, declarations, live testimony—perhaps even before a jury. If a party believes that principles of law assure a determination in his or her favor, these may be presented by simple motion, with oral argument and ordinary points and authorities. All of these alternatives permit final resolution of critical issues through greatly simplified and expedient procedures."

In this case, Atrick, Bedrick and Leilani Lokeijak were involved in a three-vehicle accident in Irvine. They filed an action against the other drivers. They did not file a claim with the city. While inspecting the intersection some time later, the Lokeijaks' attorney discovered what he asserts is a defect in the signals. The Lokeijaks promptly filed a claim with the city. When the claim was returned as untimely, they sued the city.

Constrained by the department's "policy," the parties agreed the city could make a motion "for adjudication of claims issue." According to the points and authorities filed in support of the motion, the "procedures for this motion were established during March 13, 1995 and April 5, 1995 telephone conferences which the parties to this motion had with the Court." The city included in its motion the basic facts it said were relevant for purposes of the motion. In response, the Lokeijaks filed something called a "Plaintiffs' Version of Motion for Adjudication of Claims Issues" which included

---

substantial resources by counsel and the court for naught, since the parties learn nothing from the DENIAL of such motions, because their denial resolves nothing.

"Further, the court faces frustration in its desire to resolve issues, since the questions of law and/or fact, though posed in such a way as to require denial of the motion, could have been quickly and finally resolved if a DIFFERENT FORMAT for their presentation had been employed. For example, if a party contends certain facts (or their absence) dictate a result in his or her favor, those facts can be decided in the context of a 'mini-trial' conducted, say, on stipulated facts, declarations, or live testimony—perhaps even before a jury. If a party believes that principles of law assure a determination in his or her favor, these may be presented by simple motion, with oral argument and ordinary points and authorities. All of these alternatives permit final resolution of critical issues through greatly simplified and expedient procedures.

"Therefore, the court, in light of the foregoing, has instituted the following policy respecting summary judgments and motions for summary adjudication:

"Before DRAFTING a motion, the moving party shall confer by telephone with the concerned opposing party(ies), then shall call my clerk to arrange a brief meeting with the court on ANY day, at ANY time, except Friday afternoon. The purpose of the meeting will be to discuss the issue(s) which the moving party wishes to present and to agree, if possible, on an appropriate alternative format in which those issues can be determined (i.e. mini-trial, mini-jury trial, pre-trial motion, reference, or other). If an agreement can be reached, the alternative method shall be used; if not, then the moving party may proceed with the motion.

"Of course, if the parties can agree among themselves without meeting with the court, they need only to call the clerk and inform her of the proceeding upon which they have agreed, and secure a date for its presentation." (Emphasis in original.)

additional facts. Following a lengthy hearing, the court granted judgment for the city.

█ While trial judges have "inherent power to control litigation before them, . . ." they have " 'no authority to issue local courtroom rules which conflict with any statute' or are 'inconsistent with the law.' . . ." (*Rutherford* v. *Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967 [67 Cal.Rptr.2d 16, 941 P.2d 1203], citations omitted.) If a trial court adopts a rule that "conflicts with any statewide statute, rule of law, or Judicial Council rule, then it is an inappropriate exercise of that court's powers. . . ." (*Ibid.*, citations omitted; see also *Sierra Craft, Inc.* v. *Magnum Enterprises, Inc.* (1998) 64 Cal.App.4th 1252, 1255 [75 Cal.Rptr.2d 681]; *Iverson* v. *Superior Court* (1985) 167 Cal.App.3d 544, 548 [213 Cal.Rptr. 399].)

Code of Civil Procedure section 437c "provides a detailed procedural scheme for motions for summary judgment." (*Sierra Craft, Inc.* v. *Magnum Enterprises, Inc., supra*, 64 Cal.App.4th at p. 1255.) Any party may move for summary judgment at any time, subject to certain time restrictions, "if it is contended that the action has no merit or that there is no defense to the action or proceeding." (Code Civ. Proc., § 437c, subd. (a).) Department 17's "policy" of forcing a party wishing to make such a motion to consult first with the trial judge and the other party and agree on a different procedure improperly interferes with a party's right to move for summary judgment or summary adjudication of issues at any time pursuant to established statutory procedures. Consequently, the policy is invalid. (*Sierra Craft, Inc.* v. *Magnum Enterprises, Inc., supra*, 64 Cal.App.4th at p. 1255.)

The judgment is reversed. In the interests of justice, each party shall bear its own costs on appeal.

Wallin, J., and Scoville, J.,* concurred.

---

*Retired Presiding Justice of the Court of Appeal, Fourth District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.