[No. G018024. Fourth Dist., Div. Three. July 29, 1998.]

PACIFIC TRENDS LAMP AND LIGHTING PRODUCTS, INC., Plaintiff, Cross-defendant and Appellant, v.
J. WHITE, INC., et al., Defendants, Cross-complainants and Respondents; SHUN C. CHEN, Objector and Appellant.

PACIFIC TRENDS LAMP AND LIGHTING PRODUCTS, INC., Plaintiff and Appellant, v.
NYK LINE, INC., Defendant and Respondent.

**[Opinion certified for partial publication.\*]**

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of parts I and II.

COUNSEL

Shun C. Chen, in pro. per., for Objector and Appellant, and for Plaintiff, Cross-defendant and Appellant, and for Plaintiff and Appellant.

Lillick & Charles and Michael W. Ecker for Defendants, Cross-complainants and Respondents.

Kathy W. Stein and Kathleen Mahon Isaac for Defendant and Respondent.

OPINION

BEDSWORTH, J.—Pacific Trends Lamp and Lighting Products, Inc. (Pacific) sought damages for the contents of two shipping containers stolen from a storage yard. Pacific sued two companies involved in shipping the containers, alleging it never authorized delivery to the storage yard and contending defendants remained responsible as common carriers until actual delivery of the containers to Pacific's premises, which never occurred. The trial court found Pacific had directed delivery to the storage yard, and concluded defendants' obligations as common carriers ceased when the containers reached that destination. Pacific appeals the judgment in favor of each defendant, and its attorney appeals the court's imposition of sanctions against him. We find no error in the judgment and it is therefore affirmed.

However, the sanction order, which is based upon failure to comply with Superior Court of Orange County Rules, former rule 504, is reversed. Rule 504, which requires the parties to meet and confer and report back to the court on their efforts prior to hearing on most motions, is inconsistent with the statutory right to pursue new trial motions. Moreover, rule 504's provision for sanctions based upon the conclusion there was "no good reason for the refusal or failure to resolve the issue" improperly invades the province of Code of Civil Procedure sections 128.5 and 128.7.[1]

I, II*

· · · · · · · · · · · · · · · · · · · · · · · · ·

III

Pacific's counsel challenges the sanctions imposed against him under Orange County Superior Court Rules, former rule 504 (rule 504). Rule

---

[1]We refer to the rule by its number at the time of the action, although it has been renumbered, effective July 1, 1998, as rule 378.

*See footnote, *ante*, page 1131.

504 requires counsel, before the hearing on most motions, to meet and confer "in a good faith effort to eliminate . . . as many of the disputes between the parties as possible." If a complete resolution of the motion is not attained, rule 504 requires each counsel to file a sworn statement, at least five days prior to the hearing, summarizing the issues remaining in dispute and explaining why they could not be resolved. Rule 504 also provides that "[i]f the court finds that there was no good reason for the refusal or failure to resolve the dispute, it may order any persons at fault to pay to any party the amount of that party's reasonable expenses, including attorney fees, incurred in . . . making or resisting the motion." Finally, 504 authorizes the court to take the motion "off calendar" for failure to comply.

Pacific's counsel filed a motion for new trial, but failed to meet and confer and file a rule 504 statement in a timely fashion. Both NYK Line, Inc. (NYK) and U.S. Delivery (USD) filed rule 504 statements pointing out this omission, and USD requested monetary sanctions as provided in rule 504. At the hearing, the court stated it had the power to take the motion off calendar pursuant to rule 504 but chose not to, noting that a rule 504 conference was not likely to be helpful. The court then denied the new trial and addressed the issue of sanctions.

USD argued that sanctions were appropriate under both rule 504 and Code of Civil Procedure section 128.5, because Pacific had taken an unreasonable position in the motion and its counsel was responsible for the parties' failure to resolve it short of a hearing. USD acknowledged, however, that it had not complied with the notice requirements of section 128.5, and thus could not rely upon that section to support sanctions. Pacific's counsel argued compliance with rule 504 is difficult in the context of new trial motions, because the deadline for filing a rule 504 statement is tied to the hearing date, and a hearing on a new trial motion is set only if the court requests it. Moreover, he noted that after defendants had spent an entire trial arguing against his position, it was unlikely that a meet and confer would be helpful in resolving the issue.

Finally, he argued that even if his motion was not meritorious, it was also not "frivolous" so as to justify sanctions. In response to this last point, the court noted that "frivolous" was the standard under Code of Civil Procedure, section 128.5, while rule 504 has a "much lighter standard." After taking the matter under submission, the court issued an order imposing sanctions of $750 under rule 504. The order did not specify any reasons or outline the conduct justifying the sanction.

Pacific's counsel argues the rule 504 sanctions were improper, and we are compelled to the conclusion he is correct. We recognize the inherent power

of trial courts to control litigation, and we are loathe to second-guess the exercise of that power, but there is " 'no authority to issue courtroom local rules which conflict with any statute' or are 'inconsistent with the law.' . . ." (*Rutherford* v. *Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967 [67 Cal.Rptr.2d 16, 941 P.2d 1203], citations omitted.) Rule 504's "meet and confer" requirements are inconsistent with the detailed statutory procedures for new trial motions. Moreover, as this case illustrates, rule 504 operates as a general sanction provision to punish unreasonable pursuit of a motion or opposition. It therefore addresses substantially the same conduct governed by Code of Civil Procedure section 128.5 (and section 128.7, as applicable), albeit with an inconsistently lower standard and less due process protection.

Code of Civil Procedure sections 655 - 662.5 specify the procedures for a new trial motion. These procedures must be strictly followed, and the court has no jurisdiction to order a new trial except as provided in those sections. (*Sanchez-Corea* v. *Bank of America* (1985) 38 Cal.3d 892 [215 Cal.Rptr. 679, 701 P.2d 826].) However, a party who follows those procedures has a statutory right to have his or her motion considered, and the court cannot place additional restrictions on that right. (See *Lokeijak* v. *City of Irvine* (1998) 65 Cal.App.4th 341 [76 Cal.Rptr.2d 429] [holding invalid a court-room policy which required advance consultation with the trial judge and opposing party before filing a motion for summary judgment or summary adjudication].)

Indeed, requiring the parties to confer in an attempt to "resolve" a motion for new trial makes little sense except as an obstacle to the moving party. It is hardly likely the party who prevailed at trial would ever agree a new trial is warranted,[5] and even if he or she did, the statutory scheme does not allow a new trial to be granted on the basis of stipulation. The court would still have to evaluate the motion to determine substantive and procedural statutory compliance. Because the parties really have no power to "resolve" a motion for new trial, rule 504's requirement they attempt to do so is inconsistent with the statutory scheme.[6]

The specific sanction provision of rule 504 is also inappropriate. It provides that if there was "no good reason" for failing to resolve the dispute,

---

[5]Unless, of course, the first trial was *really* fun.

[6]Additionally, the provision of rule 504 which requires meet and confer statements to be filed five *court days* before the hearing is inconsistent with new trial motion procedures. On a new trial motion, in contrast to other motions, the parties have no right to a hearing. Instead, after both sides have filed their affidavits, the clerk brings the motion to the attention of the judge, who has discretion to set a hearing on five *days'* notice to the parties, but is not required to do so. (Code Civ. Proc., § 661.) Theoretically, then, the deadline for rule 504 statements on a new trial motion could be passed at the time the parties are notified of the hearing. Would the court then take off calendar the hearing it called for?

the court may order the party it determines is "at fault" to pay the reasonable expenses, including attorney fees, incurred by any other party in attending the meet and confer, and making or resisting the motion. In this regard, rule 504 almost directly duplicates the purpose of Code of Civil Procedure section 128.5.

"Code of Civil Procedure section 128.5 authorizes the award of attorney fees as a sanction to control improper resort to the judicial process. The statute permits the award of attorney fees, not simply as appropriate compensation to the prevailing party, but as a means of controlling burdensome and unnecessary legal tactics. [Citation.]" (*Childs* v. *PaineWebber Incorporated* (1994) 29 Cal.App.4th 982, 995-996 [35 Cal.Rptr.2d 93].) However, section 128.5 requires much more than a party acting with "no good reason" to justify an award of sanctions. "[T]he weight of authority presently requires a showing not only of a meritless or frivolous action or tactic, but also of . . . bad faith . . . ." (*West Coast Development* v. *Reed* (1992) 2 Cal.App.4th 693, 702 [3 Cal.Rptr.2d 790].) By its terms, section 128.5 requires advance notice and an opportunity to be heard before sanctions can be imposed. (Code Civ. Proc., § 128.5, subd. (c).) Moreover, "to impose sanctions pursuant to Code of Civil Procedure section 128.5, the trial court must (a) state specific circumstances giving rise to the award of attorney fees and (b) articulate with particularity the basis for finding the sanctioned party's conduct reflected tactics or actions performed in bad faith and that were frivolous or designed to harass or cause unnecessary delay." (*Childs* v. *PaineWebber Incorporated, supra,* 29 Cal.App.4th at p. 996.)

Code of Civil Procedure section 128.7, which applies to cases filed on or after January 1, 1995, imposes even more procedural requirements on sanction awards than does 128.5. Under section 128.7, a motion for sanctions must be made separately from any other motion, and before such a motion can even be filed, the party subject to the sanction must be given 30 days to withdraw or correct the offending document. (Code Civ. Proc., § 128.7, subd. (c)(1).) Even the court must give the 30-day "cure" notice before imposing sanctions on its own initiative. (Code Civ. Proc., § 128.7, subd. (c)(2).)

These sanction statutes were crafted by the Legislature to strike a balance between competing interests: the need to control improper litigation "tactics" and the desire to avoid chilling vigorous advocacy. (*Lesser* v. *Huntington Harbor Corp.* (1985) 173 Cal.App.3d 922 [219 Cal.Rptr. 562].) That balance having been struck, there is no authority to strike a different one by local rule.

The judgment is affirmed but the sanction order is reversed. Respondents are to recover costs.

Sills, P. J., and Wallin, J., concurred.

On August 18, 1998, the opinion was modified to read as print above.