[No. B184247. Second Dist., Div. Seven. Oct. 26, 2005.]

PANCHITA HALL, Petitioner, v.
THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

## Counsel

Michael P. Judge, Public Defender, Albert J. Menaster, Philip Dube and Mark G. Harvis, Deputy Public Defenders, for Petitioner.

Howard Rice Nemerovski Canady Falk & Rabkin, Steven L. Mayer and Keith D. Kessler for Respondent.

No appearance by Real Party in Interest.

## Opinion

**JOHNSON, J.**—Panchita Hall seeks a writ of mandate to compel respondent superior court to permit her to file her *Pitchess*[1] motion and to rule on the merits of her motion. She claims the Criminal Division of the South Central

---

[1] *Pitchess v. Superior Court* (1974) 11 Cal.3d 531 [113 Cal.Rptr. 897, 522 P.2d 305]. So-called *Pitchess* motions permit the defense, on a showing of good cause, to seek information contained in the personnel files of law enforcement officers deemed material to the proceedings, including impeachment evidence.

District of the Los Angeles County Superior Court enforces an invalid local rule requiring all pretrial motions, regardless of nature or type, be both filed and heard 30 days before trial, and for this reason the court refused to calendar her *Pitchess* motion filed 30 days before trial. We conclude the court's apparent practice of requiring all motions to be filed and heard 30 days before trial is invalid because it was not properly promulgated in accordance with statute or with the California Rules of Court. We further conclude that to the extent the court is not making individualized assessments of the needs and complexities of each case before setting dates for hearing motions the court's local practice or policy is similarly suspect. Accordingly, we will issue a writ of mandate to grant the requested relief.

## FACTS AND PROCEEDINGS BELOW

An undercover vice officer arrested petitioner Hall for prostitution on April 14, 2005. An information filed on May 25, 2005, charged petitioner with one felony violation of prostitution with prior convictions for prostitution after having tested positive for the HIV virus.[2] In a second count the information charged petitioner with the crime of attempted unlawful sex while infected with HIV.[3]

Petitioner was arraigned in the south central district of respondent superior court on May 25, 2005, and pled not guilty. The arraignment court set a trial date of July 25, 2005, on the "last" or 60th day.[4] The court set an early pretrial date of June 21, and set a motion cutoff date of 30 days before trial, or June 27. The court set the motion cutoff date without inquiring whether either counsel intended to file any pretrial motions, and if so, which. The court simply stated, "Motion cut-off will be 30 days prior to trial, June 27th. Please have any motions calendared and heard on or before that date."

On June 27 defense counsel filed a *Pitchess* motion with the clerk and requested it be calendared for July 22. The next day the clerk telephoned defense counsel to advise the trial court did not permit the clerk to calendar his *Pitchess* motion for July 22 because the motion cutoff date of June 27 had passed. The clerk informed defense counsel the court required a declaration showing good cause why the motion should be heard after the 30-day motion cutoff date. The clerk cited rule 4.100 of the California Rules of Court as authority.[5]

---

[2] Penal Code sections 647, subdivision (b) and 647f.

[3] Penal Code section 664 and Health and Safety Code section 120291, subdivision (a).

[4] Penal Code section 1049.5 specifies, "[i]n felony cases, the court shall set a date for trial which is within 60 days of the defendant's arraignment in the superior court unless, upon a showing of good cause as prescribed in Section 1050, the court lengthens the time. . . ."

[5] Rule 4.100 of the California Rules of Court concerns arraignments. This rule states: "At the arraignment on the information or indictment, unless otherwise ordered for good cause, and

On June 29 defense counsel contested the court's order requiring a declaration under penalty of perjury showing good cause why the motion should be calendared for a date after the motion cutoff date. The court refused to calendar the *Pitchess* motion without such a declaration. According to defense counsel, the court cited a local "30-day motion cutoff rule" as authority for refusing to calendar the *Pitchess* motion absent a declaration demonstrating good cause. Defense counsel protested a declaration showing good cause was not required by either court rule or statute and argued he was not seeking a continuance of the trial or of any scheduled hearing date.[6] Counsel urged the court to reconsider, arguing the motion could be calendared and heard within the statutory 60 days because sufficient time remained before the scheduled trial date.

Thereafter defense counsel learned the source of the so-called 30-day motion cutoff rule was a memo dated October 31, 2002, directed to attorneys from Judge John Cheroske, the supervising judge in the Compton courthouse. This memo states "all motions are to be calendared and heard at least 30 days prior to the trial date." The memo cites as authority California Rules of Court, rule 4.100 on arraignments[7] and a local rule, since repealed.[8]

Petitioner filed this petition for writ of mandate alleging the Compton court had no authority to impose or enforce an automatic and arbitrary 30-day motion cutoff rule. She requests an order directing the court to allow her to file her *Pitchess* motion and to thereafter determine the motion on the merits. We stayed the trial court proceedings and issued an order directing respondent court to show cause why it should not be compelled to accept petitioner's *Pitchess* motion for filing and to schedule a hearing on the motion.

---

on a plea of not guilty, . . . [¶] (1) the court shall set dates for [¶] (A) trial, . . . [¶] (B) a readiness conference within 1 to 14 days before trial, and [¶] (C) *filing and service of motions and responses and hearing thereon*; . . ." (Italics added.)

[6] Penal Code section 1050 requires, among other things, written notice accompanied by affidavits or declarations detailing specific facts showing why a continuance of a "hearing" or "trial" is necessary. Similarly, local rule 6.6 of the Superior Court of Los Angeles County specifies no "proceeding" in any criminal case shall be continued except in compliance with Penal Code section 1050.

[7] See footnote 5, *ante*.

[8] A second memorandum from Judge Cheroske dated May 13, 2004, directs all motions to suppress evidence pursuant to Penal Code section 1538.5 should be heard 30 days after arraignment, absent a showing of good cause why the motion cannot be heard on that date.

## DISCUSSION

I. *THE COMPTON COURT'S APPARENT PRACTICE OF REQUIRING ALL MOTIONS TO BE FILED AND HEARD 30 DAYS BEFORE TRIAL IS THE FUNCTIONAL EQUIVALENT OF A LOCAL RULE AND AS SUCH IT IS INVALID BECAUSE IT WAS NOT PROPERLY PROMULGATED OR ADOPTED IN ACCORDANCE WITH STATUTE AND THE RULES OF COURT.*

Petitioner asserts the Compton court's 30-day motion cutoff rule is invalid and unenforceable because it was not promulgated and adopted pursuant to procedures dictated by statute.

Respondent court affirmatively asserts it has no such rule. However, respondent court provided no positive evidence in the form of declarations or otherwise to support its assertion. We may thus deem its denial merely a response to join the issues raised in the petition.[9] Moreover, we may take judicial notice this is the third time a petition for writ of mandate has been filed in the Court of Appeal to challenge the validity of the Compton court's alleged policy of universally requiring all motions be both filed and heard 30 days before trial.[10]

---

[9] As a threshold matter we reject petitioner's claim respondent court's return should be stricken because it is not verified. Code of Civil Procedure section 1089 provides a party may make a return to a petition for writ of mandate by demurrer, verified answer, or both. California Rules of Court, rule 56(h)(1) similarly provides a party may file a return to a petition for a writ by demurrer, verified answer, or both. However, in a writ proceeding, as in a civil action, an answer filed by a public entity need not be verified when the answer is used merely to join the issues raised in the petition. (Code Civ. Proc., § 446, subd. (a); *Lertora v. Riley* (1936) 6 Cal.2d 171, 176 [57 P.2d 140] ["The answer of an officer of the state of California to a complaint or petition need not be verified."]; *Crowl v. Commission on Professional Competence* (1990) 225 Cal.App.3d 334, 342 [275 Cal.Rptr. 86] [the public entity's answer in the writ proceeding did not need to be verified]; *Verzi v. Superior Court* (1986) 183 Cal.App.3d 382, 385 [228 Cal.Rptr. 299] [Code Civ. Proc., § 446 exempts public agencies and their officers from the verification requirement]; but see *People v. Superior Court (Alvarado)* (1989) 207 Cal.App.3d 464, 470 [255 Cal.Rptr. 46] [if a pleading is to be used as evidence of facts then it must be verified and be based on the pleader's personal knowledge].)

[10] Evidence Code sections 459, subdivision (a), and 452, subdivision (d). *Collier v. Superior Court* (Jan. 19, 2005, B180043, dism. by order) involved a suppression motion filed pursuant to Penal Code section 1538.5, and *Urzua v. Superior Court* (June 27, 2005, B183697, dism. by order) involved a motion to dismiss under Penal Code section 995.

Interestingly, Allan Parachini, spokesman for the Los Angeles Superior Court, publicly acknowledged the existence of a local rule and defended its use. In a recent article concerning the Compton court's alleged 30-day motion cutoff rule he is reported as saying, " 'We feel the local rule in Compton is valid, and it does make allowances for parties who find the need to file within the 30-day period . . . .' " (Simmons, *Felony-Motion Deadline Raises Ire*, L.A. Daily J. (June 30, 2005) p. 2.)

In any event, respondent court's affirmative assertion no such rule exists corroborates petitioner's claim the Compton court's policy, which in practical effect amounts to a 30-day motion cutoff rule was not adopted or properly promulgated in accordance with the statutes governing the promulgation and adoption of local rules.

■ Code of Civil Procedure section 575.1 prescribes the procedures for enacting and adopting valid local court rules. Any rule proposed by the presiding judge must be submitted for consideration to all the judges of the court. The rule must be published and submitted to local bar associations and others, as specified by the Judicial Council, for consideration and recommendations. Once a majority of the judges have officially adopted the rule, then it must be filed as specified in Government Code section 68071 and as specified in the California Rules of Court.[11] The proposed rule must then be available for public examination and published for general distribution in accordance with the California Rules of Court.[12]

These same requirements apply even if a proposed rule pertains only to a particular judge's courtroom or only to a particular branch or district of the superior court. The statute specifies individual judge's rules and branch and district rules are local rules of court and subject to the adoption, publication, comment, and filing requirements specified by statute and the California Rules of Court.[13]

■ Government Code section 68070 similarly authorizes courts to make rules for their own governance.[14] However, Government Code section 68071 directs, "No rule adopted by a superior court shall take effect until January 1

---

[11] Rule 981 of the California Rules of Court provides even more detailed procedures for adopting local rules and concerns inspection, publication, format of the proposed rule, comment period for the proposed rule, and similar details. Rule 981 also directs each court to periodically review its local rules and "repeal rules that have become outdated, unnecessary, or inconsistent with statewide rule or statute." (Cal. Rules of Court, rule 981(h).)

[12] Code of Civil Procedure section 575.1, subdivisions (a) and (b).

[13] Code of Civil Procedure section 575.1, subdivision (c).

[14] Government Code section 68070 provides:

"(a) Every court may make rules for its own government and the government of its officers not inconsistent with law or with the rules adopted and prescribed by the Judicial Council. These rules shall not:

"(1) Impose any tax, charge, or penalty upon any legal proceeding, or for filing any pleading allowed by law.

"(2) Give any allowance to any officer for services.

"(b) The Judicial Council is encouraged to adopt rules to provide for uniformity in rules and procedures throughout all courts in a county and statewide. The subjects on which uniformity should be sought shall include, but are not limited to, (1) the form of papers, (2) limitations on the filing of papers, (3) rules relating to law and motion, and (4) requirements concerning documents to be filed at or prior to trial."

or July 1, whichever comes first, following the 30th day after it has been filed with the Judicial Council and the clerk of the court, and made immediately available for public examination. . . ."

█ If the memo from Supervising Judge John Cheroske directing all motions be both filed and heard 30 days before trial constitutes a local rule for felony matters heard in the Compton court then it is invalid because there is nothing to suggest such rule went through the procedures mandated by Code of Civil Procedure section 575.1 or Government Code sections 68070 and 68071. Thus, the trial court erred if it relied on what would be an invalid local rule when it refused to calendar petitioner's *Pitchess* motion absent a declaration showing good cause.[15] Absent proper adoption the purported local rule or policy could not provide authority for either rigidly adhering to a preset motion cutoff date or for requiring a declaration showing good cause why permission should be granted to file the motion beyond the cutoff date. As petitioner argues, the good cause declaration requirement would amount to no more than an unwritten exception to an invalid local rule.

█ Moreover, even properly adopted local rules are only valid to the extent they do not conflict with existing law or the California Rules of Court.[16] This is true of a local courtroom rule,[17] as well as of an informal court policy.[18] "While trial judges have 'inherent power to control litigation before them, . . .' they have ' "no authority to issue local courtroom rules

---

[15] See, e.g., *Pacific Trends Lamp & Lighting Products, Inc. v. J. White, Inc.* (1998) 65 Cal.App.4th 1131, 1134–1135 [76 Cal.Rptr.2d 918] (local rule which authorized sanctions when parties failed to first meet and confer before filing a motion was inconsistent with statutory provision for filing motions for new trial); *Kalivas v. Barry Controls Corp.* (1996) 49 Cal.App.4th 1152 [57 Cal.Rptr.2d 200] (invalidating local courtroom rule requiring joint statements of disputed and undisputed facts when filing a summary judgment motion which was not promulgated or adopted in accordance with statute); *Simmons v. City of Pasadena* (1995) 40 Cal.App.4th Supp. 1 [47 Cal.Rptr.2d 102] (invalidating local fast track rule which was neither promulgated nor adopted in accordance with statute).

[16] Code of Civil Procedure section 575.1, subdivision (a); Government Code section 68070, subdivision (a); see also *People v. Smith* (2002) 95 Cal.App.4th 283, 301 [115 Cal.Rptr.2d 483] (local rule governing suppression motions interpreted to avoid conflict with case law interpreting Penal Code section 1538.5); 2 Witkin, California Procedure (4th ed. 1996) Courts, sections 186, and 201, pages 260 and 268, and cases cited.

[17] See, e.g., *Kalivas v. Barry Controls Corp., supra,* 49 Cal.App.4th 1152 (invalidating local courtroom rule requiring parties to file a joint statement of disputed and undisputed facts for summary judgment motions which was in direct conflict with Code of Civil Procedure section 437c providing for separate statements).

[18] See, e.g., *Lokeijak v. City of Irvine* (1998) 65 Cal.App.4th 341 [76 Cal.Rptr.2d 429] (local court policy conflicted with Code of Civil Procedure section 437c authorizing summary judgment motions because the policy required a party wishing to make such a motion to first consult with the trial judge and opposing party to attempt to work out an appropriate alternative); *Hemingway v. Superior Court* (2004) 122 Cal.App.4th 1148 [19 Cal.Rptr.3d 363] (local custom and practice of assigning all domestic violence cases to one court impinged on a litigant's statutory right to move to disqualify the judge); 2 Witkin, California Procedure (4th

which conflict with any statute" or are "inconsistent with the law." . . .' (*Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967 [67 Cal.Rptr.2d 16, 941 P.2d 1203], citations omitted.) If a trial court adopts a rule that 'conflicts with any statewide statute, rule of law, or Judicial Council rule, then it is an inappropriate exercise of that court's powers. . . .' (*Ibid.*, citations omitted; see also *Sierra Craft, Inc. v. Magnum Enterprises, Inc.* (1998) 64 Cal.App.4th 1252, 1255 [75 Cal.Rptr.2d 681]; *Iverson v. Superior Court* (1985) 167 Cal.App.3d 544, 548 [213 Cal.Rptr. 399].)"[19]

■ Petitioner asserts the court's purported 30-day motion cutoff rule conflicts with the only statutory time limits affecting *Pitchess* motions. Evidence Code section 1043, subdivision (a) specifies *Pitchess* motions must be filed in conformity with Code of Civil Procedure section 1005. Code of Civil Procedure section 1005 states written notice must be given 16 court days before the hearing (with different days' notice for mail or other service). ■ Rule 4.111 of the California Rules of Court, on the other hand, only states motions must be served and filed at least 10 calendar days prior to the hearing date.

These provisions discuss the required written notice of a hearing. However, none purports to state when a *Pitchess* motion must be heard or how far before the trial date a *Pitchess* motion should be heard. More specifically, none of these provisions requires a *Pitchess* motion to be *both filed and heard* 30 days before trial.

■ Rule 4.112 of the California Rules of Court concerns "readiness conferences" and gives some indication when pretrial motions can be heard. As relevant here, subdivision (a) of rule 4.112 states in felony cases the court may hold a readiness conference "within 1 to 14 days before the date set for trial." Subdivision (b) is entitled "Motions," and provides, "Except for good cause, the court should hear and decide any pretrial motion in a criminal case *before or at* the readiness conference."[20] In contrast with the Compton court's apparent policy or practice of requiring all motions to be both filed and heard 30 days before trial, rule 4.112 of the California Rules of Court would seemingly permit the hearing of *Pitchess* motions as close to the trial date as the day before. Moreover, rule 4.112 reflects a policy of granting more leeway regarding when motions must be heard than does the Compton court's

ed. 1996) Courts, section 202, page 270 ("Rules applicable in an individual judge's courtroom or in a particular branch or district of a court are local rules for purposes of C.C.P. 575.1 and the requirements of Judicial Council rules governing adoption, publication, comment, and filing. These rules must be published as part of the general publication of rules, and the published rules must be organized so that rules on a common subject appear sequentially, whether individual, branch, district or courtwide. (C.C.P. 575.1(c).)").

[19] *Lokeijak v. City of Irvine, supra*, 65 Cal.App.4th 341, 344.

[20] Italics added.

alleged practice of imposing and enforcing an automatic and universal date of 30 days before trial to file and hear any motions. It thus appears a local policy or practice which has the effect of automatically cutting off a defendant's right to file and have hearings on motions at the 30-day mark before trial is inconsistent with the California Rules of Court and would also be invalid on that ground.

## II. THE ARRAIGNMENT COURT SHOULD MAKE AN INDIVIDUALIZED CONSIDERATION OF EACH CASE BEFORE SETTING DATES FOR FILING AND HEARING MOTIONS.

A local rule or policy must be consistent with due process in order to be valid.[21] Application and enforcement of any automatic 30-day motion cutoff date has the potential to deprive a criminal defendant of procedural due process and in turn to a defendant's Sixth Amendment right to the effective assistance of counsel.

In light of the minimum 16-*court*-day written notice required for *Pitchess* motions, defense counsel would be required in all cases to file a written motion and serve the required notice within a week or so of the defendant's arraignment to comply with the court's automatic 30-day cutoff date for filing and hearing motions. This places an unduly onerous burden on defense counsel to do all that is required within such a short period of time on penalty of forfeiting his or her client's right to potentially significant discovery.

Moreover, the information to suggest a *Pitchess* motion should be filed may not be immediately available to defense counsel even if he or she had the time and ability to file other pretrial motions directly after the arraignment. Absent timely receipt of copies of police reports, witness statements and like discovery, defense counsel would be in no position to realize a *Pitchess* motion was called for in the circumstances until it was too late. For example, counsel is required to wait at least 15 days to seek a court order for discovery in the event opposing counsel fails to provide discovery in compliance with an informal discovery request.[22] Under any automatic

---

[21] See, e.g., *McLaughlin v. Superior Court* (1983) 140 Cal.App.3d 473, 481, 483 [189 Cal.Rptr. 479] (a local rule which authorized a mediator in custody proceedings to make a recommendation without providing a factual basis violated due process unless the parents were guaranteed the right to cross-examine the mediator).

[22] Penal Code section 1054.5 concerns discovery orders. Subdivision (b) specifies, "Before a party may seek court enforcement of any of the disclosures required by this chapter, the party shall make an informal request of opposing counsel for the desired materials and information. *If within 15 days* the opposing counsel fails to provide the materials and information requested, *the party may seek a court order. . . .*" (Italics added.)

30-day motion cutoff rule counsel could not timely satisfy the 16-court-days' notice requirement in this scenario and would be entirely foreclosed from having the motion heard before the mandated 30-day cutoff. Indeed, if defense counsel received the information even only a week after arraignment, the 16-court-day written notice requirement for a *Pitchess* motion could still not be satisfied in order to secure a hearing date within the mandated 30 days before the trial.

" ' "That counsel for a defendant has a right to reasonable opportunity to prepare for a trial is as fundamental as is the right to counsel." [Citations.] It is also as fundamental as the defendant's right to be advised of the charges against him [or her], for the latter right is illusory if he then is denied sufficient time to prepare to meet such charges. [Citations.]' "[23] A local policy, practice or rule which impinges on the fundamental rights of an accused to receive a fair trial and which interferes with the accused's right to the effective assistance of counsel is constitutionally infirm.[24] Court rules should be designed to accomplish the ends of justice, to protect rights, and to implement the substantive law. When a policy, practice or rule operates instead to defeat these purposes, and deprives an accused of a fair trial or determination on the merits, then the policy, practice or rule must give way.

To avoid impinging on a defendant's procedural due process rights courts should instead make an individualized assessment of the complexity and needs of each case. For some motions, especially *Pitchess* motions requiring 16 court days' notice, setting a date only 30 calendar days from the arraignment date might present procedural due process issues absent special accommodation to hear such motions somewhat closer to the trial date. Motions to suppress evidence under Penal Code section 1538.5 may similarly

---

[23] *Jennings v. Superior Court* (1967) 66 Cal.2d 867, 876 [59 Cal.Rptr. 440, 428 P.2d 304], citing *People v. Murphy* (1963) 59 Cal.2d 818, 825 [31 Cal.Rptr. 306, 382 P.2d 346]; see also *People v. Courts* (1985) 37 Cal.3d 784, 791 [210 Cal.Rptr. 193, 693 P.2d 778] (" 'a myopic insistence upon expeditiousness in the face of a justifiable request for delay can render the right to defend with counsel an empty formality,' " citing *Ungar v. Sarafite* (1964) 376 U.S. 575, 589 [11 L.Ed.2d 921, 84 S.Ct. 841]); *People v. Fontana* (1982) 139 Cal.App.3d 326, 333 [188 Cal.Rptr. 612] (the accused was deprived of the effective assistance of counsel because the court insisted on conducting the hearing despite knowing counsel was not prepared).

[24] *People v. Mooc* (2001) 26 Cal.4th 1216, 1227 [114 Cal.Rptr.2d 482, 36 P.3d 21] ("*Pitchess* . . . , and its statutory progeny are based on the premise that evidence contained in a law enforcement officer's personnel file may be relevant to an accused's criminal defense and that to withhold such relevant evidence from the defendant would violate the accused's due process right to a fair trial."); *Alford v. Superior Court* (2003) 29 Cal.4th 1033, 1046 [130 Cal.Rptr.2d 672, 63 P.3d 228] (a defendant's Sixth Amendment right to the assistance of counsel in the preparation of a case for trial "logically extends to the opportunity to investigate and develop evidence generally, such as impeachment evidence of the kind at issue here."); *Pitchess v. Superior Court, supra,* 11 Cal.3d 531, 536 ("an accused in a criminal prosecution may compel discovery by demonstrating that the requested information will facilitate the ascertainment of the facts and a fair trial.").

require special consideration, for example, in instances where numerous witnesses need to be subpoenaed and available to testify. Alternatively, the necessity for a *Pitchess* or suppression motion may only become apparent after a review of available discovery. When the prosecution has not made discovery available in a timely manner courts may have to accommodate late requests to hear pertinent motions made relevant and necessary only by the late-received discovery. To the extent the Compton court's local policy or practice does not make this type of individualized determination of the particular needs of a given case before setting dates for hearing motions, it presents the risk of impinging on a criminal defendant's right to a fair trial.

At oral argument petitioner argued filing and hearing dates set by an arraignment court under rule 4.100 of the California Rules of Court should be sufficiently flexible preclusion should never be a sanction for failing to comply with dates set for filing and hearing motions. We are not persuaded. Such a limitless rule has the potential for interfering with the orderly administration of justice as well as the potential for interfering with a trial court's power to enforce its proper orders. All courts have the statutory power to compel obedience to their judgments and orders.[25] Moreover, all courts have "fundamental inherent equity, supervisory, and administrative powers, as well as inherent power to control litigation before them."[26] Thus, when an arraignment court makes an individualized assessment of the case, and makes case-specific orders regarding the most appropriate dates for filing and hearing pretrial motions based on this individualized assessment, then those court orders are valid and enforceable. Case specific orders based on an individualized assessment of the case are ignored at counsel's peril. If counsel does not comply with such a case specific order setting a deadline for filing and/or hearing a motion then he or she will face the risk of not having his or her motion heard—absent some showing of good cause why the motion should be heard beyond this case specific date.

Respondent court asserts it is immaterial whether it has or enforces an invalid local rule because it claims the 30-day motion cutoff date imposed in this case was in fact a case-specific order imposed by the court at arraignment. Respondent court asserts the arraignment court set the hearing cutoff date—not in reliance on an invalid local rule—but instead in accordance with

---

[25] Code of Civil Procedure section 177, subdivision (2) (every judicial officer has the power to "compel obedience to his [or her] lawful orders"); Code of Civil Procedure section 128, subdivision (a)(4) (every court has the power to "compel obedience to its judgments, orders, and process, . . .").

[26] *Rutherford v. Owens-Illinois, Inc.* (1997) 16 Cal.4th 953, 967 [67 Cal.Rptr.2d 16, 941 P.2d 1203]; see also *Brown v. Brown* (1971) 22 Cal.App.3d 82, 84 [99 Cal.Rptr. 311] ("Every court has power to compel obedience to its judgments and orders . . . .").

rule 4.100 of the California Rules of Court directing arraignment courts to set dates for trial, the readiness conference and for filing and hearing motions.[27]

A review of the transcript of the arraignment hearing belies respondent court's argument. There was no discussion regarding the potential complexity of the case, nor any discussion of what discovery counsel sought, or of which motions either counsel contemplated filing before the arraignment court imposed the 30-day motion cutoff date.[28] The court simply directed, "Motion cut-off [*sic*] will be 30 days prior to trial, June 27th. Please have any motions calendared and heard on or before that date." The court imposed this 30-day date even before the prosecutor informed the court she intended to file "an 1101 motion" and needed to call witnesses regarding the prior convictions. The total lack of discussion regarding any aspect of the case or of the motions counsel proposed to file before imposing the 30-day motion cutoff date is strong circumstantial evidence the court automatically imposed the date based solely on what appears to be a local policy or practice of automatically imposing a 30-day motion cutoff date rather than for any case-specific reason. Moreover, we note the reason articulated by the trial court in rejecting the *Pitchess* motion for calendaring was because the late filing violated the local practice of requiring all motions be filed and heard 30 days before the trial date. In his declaration in support of the petition, defense counsel stated in rejecting the motion for calendaring the trial court did not mention any other reason for its ruling.

In short, the record in this case supports petitioner's assertion the arraignment court in setting the deadline for hearings was simply implementing an apparent automatic policy of requiring all motions to be filed and heard 30 days before trial. There is nothing in this record to suggest the arraignment court imposed the date as an exercise of its discretion based on any discussion of the case or any factual finding the particular date was the most suitable for the case. Accordingly, we do not find respondent court's argument persuasive.

---

[27] See footnote 5, *ante*.

[28] The appointment of counsel under Penal Code section 987.05 presents an analogous situation. This section directs the court to determine whether counsel can in fact be ready in time for trial and thus whether he or she should be appointed to represent the accused. In making this determination, the trial court is supposed to evaluate several factors, including the number and age of the attorney's other cases, the expected length and scheduled dates of those trials, related pending motions and other factors deemed relevant. (See, e.g., *Williams v. Superior Court* (1996) 46 Cal.App.4th 320, 331–332 [53 Cal.Rptr.2d 832] [although court was justifiably skeptical about counsel's representations he could be ready for trial on time given the number and age of his pending cases, the court should have inquired further before refusing to appoint the attorney to try the case].)

## DISPOSITION

The petition is granted. Let a peremptory writ of mandate issue directing the superior court to calendar petitioner's *Pitchess* motion and to thereafter rule on the merits of the motion; and further to preclude any further enforcement of the rule or policy setting presumptive motion cutoff date. Our stay of the proceedings in the underlying criminal action will be vacated upon finality of this opinion. Good cause appearing, this opinion shall become final within five days of the date hereof. (Cal. Rules of Court, rule 24(b)(3).)

Perluss, P. J., and Zelon, J., concurred.