[No. B086933. Second Dist., Div. Six. June 29, 1995.]

CALIFORNIA CASUALTY INDEMNITY INSURANCE COMPANY,
Plaintiff and Appellant, v.
SALDINO CENTINO MENDOZA et al., Defendants and Respondents.

**COUNSEL**

Davis & Drum and Joel Drum for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

## OPINION

**STONE (S. J.), P. J.**—The trial court did not abuse its discretion by ordering dismissal of this case after the appellant, the California Casualty Indemnity Insurance Company (the Company), failed to appear both at the case management conference and at the hearing on an order to show cause (OSC) regarding dismissal. We affirm.

### FACTS

On January 4, 1994, the Company filed a complaint seeking recovery in subrogation for uninsured motorist benefits it paid to its insured, Denise Fern Carlson Hapeman, for injuries she sustained in an automobile accident with respondents, Saldino Centino Mendoza et al.[1]

On March 10, 1994, the clerk of the trial court entered the default of all respondents. The trial court set a case management conference (CMC) regarding status for June 3, 1994. In response to the notice of the CMC, the Company filed a memorandum of points and authorities requesting the court not to dismiss this action. The Company stated that it preferred to allow six months to elapse "to avoid a waste of time and expense in seeking a [default] judgment which could ultimately be set aside" pursuant to Code of Civil Procedure section 473.

The Company did not appear at the CMC hearing set for June 3, 1994, and the court determined that the delay sought "is without good cause and is denied." The court set a further status conference on June 17, 1994, and in conjunction therewith, set an OSC regarding dismissal for failure to prove default. The court sent proper notice to the Company of the OSC. The Company failed to appear on June 17, 1994, and the trial court ordered the matter dismissed. (Code Civ. Proc., §§ 581, subd. (m), 581d.) The Company did not seek relief from the order of dismissal pursuant to Code of Civil Procedure section 473, and it appealed from the order of dismissal.

### DISCUSSION

■ The Company asserts that the trial court had no authority to dismiss this case before the expiration of 12 months from the date it filed the complaint. The Company argues that this is so because the Legislature established 12 months as the minimum reasonable time to complete the vast majority of cases. The Company opines that the trial court requires "needless

---

[1]Neither Hapeman nor respondents are parties to this appeal.

appearances." It claims that, by this case, the trial court has established a rule that default cases will be dismissed if they are not completed within six months.

The purpose of the Trial Court Delay Reduction Act is to avoid delay in the resolution of litigation. (The Act; see Gov. Code, §§ 68600 et seq., 68603, subd. (a).) Under the Act, judges are responsible for eliminating delay in the resolution of litigation and they must assume and maintain control over its pace. (Gov. Code, § 68607.) Judges are "to actively manage the processing of litigation from commencement to disposition, and to compel attorneys . . . to . . . resolve all litigation without delay, from the filing of the first document . . . to final disposition . . . ." (Gov. Code, § 68607.) Continuances are strongly discouraged. (Gov. Code, § 68607, subd. (g).)

In adopting standards for timely disposition of cases, the Judicial Council "*should require only that time reasonably necessary* for pleadings, . . . and court events, *and that any additional elapsed time is delay and should be eliminated.*" (Gov. Code, § 68603, subd. (a), italics added.)

Section 2.1(b), California Standards of Judicial Administration (Deering's Cal. Ann. Codes, Rules (Appen.) (1995 Supp.) p. 345) states recommended time limits for disposition of cases. Superior courts should process all general civil cases within two years of filing, and they should dispose of 90 percent of such cases *within* twelve months. (Cal. Standards Jud. Admin., § 2.1(c)(3), (h)(1); see also § 2.3(b).) Thus 12 months is the *maximum* time in which almost all general civil cases, such as the instant one, should be resolved. The purpose of these time standards is to "improve the administration of justice by encouraging prompt disposition of all matters coming before the courts." (Cal. Standards Jud. Admin., § 2.3(g).)

Here, the Company requested a delay of six months before entry of default judgment so as to avoid the possibility that the defaulting defendants might file a motion for relief pursuant to Code of Civil Procedure section 473. The Company did not appear at the CMC, and the trial court determined that the request constituted delay without good cause.

Although one may consider a CMC for a default to be inappropriate—a waste of valuable time for both the trial court and counsel—the failure to appear at the CMC, and especially at the OSC regarding dismissal, before seeking relief from the appellate court, is improper. Counsel may not dictate what hearings a trial court may hold. The attempt to bypass the trial court to challenge the necessity of court appearances, is akin to failure to exhaust administrative remedies.

One may seek changes in court policy through rules committees of the bench and bar, conferences with the presiding judge of the trial court, and, of course, vigorous argument at hearings. We understand the frustration counsel expresses here, but he may not ignore orders of the trial court to appear at noticed motions.

The trial court did not abuse its discretion in setting the OSC regarding dismissal of the action on its own noticed motion and entering dismissal after the Company failed to appear at the OSC. (Code Civ. Proc., § 581, subd. (m).)

The judgment is affirmed. Costs to respondents.

Gilbert, J., and Yegan, J., concurred.

A petition for a rehearing was denied July 27, 1995, and appellant's petition for review by the Supreme Court was denied September 20, 1995.