[No. B098799. Second Dist., Div. Four. Apr. 22, 1996.]

INTERINSURANCE EXCHANGE OF THE AUTOMOBILE CLUB OF SOUTHERN CALIFORNIA, Plaintiff and Appellant, v. JORGE JULIO FAURA, Defendant and Respondent.

COUNSEL

Davis & Drum and Joel Drum for Plaintiff and Appellant.

Jorge Julio Faura, in pro. per., for Defendant and Respondent.

OPINION

HASTINGS, J.—This is a discretionary appeal from the appellate department of the superior court. Appellant, The Interinsurance Exchange of the Automobile Club of Southern California (Exchange), appeals from an affirmance of a dismissal without prejudice. We reverse.

## THE ACTION

On April 27, 1994, Exchange filed a complaint in municipal court for subrogation against respondent Jorge Julio Faura to recover payment of an uninsured motorist claim made by Exchange in favor of its insured.

On November 23, 1994, a "Notice of Settlement" was filed which stated: "Notice is given that the within case has been settled under terms that provide for the defendant(s) to make monthly installment payments. It is expected that the defendant(s) will complete such payments by September 15, 2001, at which time plaintiff shall file a dismissal of the case."

Contained in the court file is a document dated March 28, 1994, without proof of service attached, addressed to "Counsel of Record," which states: "The filing of a Notice of Conditional Settlement, Conditional Settlement Agreement or Stipulation for Judgment does not remove a case from the Status Conference or Order to Show Cause hearing Calendar. In accordance with Delay Reduction standards, general civil cases are to be disposed of within twenty-four months. The filing of a Notice of Conditional Settlement, Conditional Settlement Agreement or Stipulation for Judgment does not bring the case to a final disposition. [¶] An alternate method of resolving the case is shown in the example below. The parties may stipulate as follows: [¶] 'By the authorized signatures below, the parties to this settlement agreement authorize the Court to dismiss this case without prejudice and further agree that in the event of a default in payments, the Court, at the request of a party, may reopen the case and resume jurisdiction without notice to the other parties to enter judgment in the amount stated in the settlement agreement. The parties also hereby agree to and do waive all statutes of limitations and any other legal impediment or bar to this Court taking jurisdiction again of this case under the circumstances set forth above.' "

On December 6, 1994, a status conference was called for hearing in this matter. No appearance was made by either party and the court ordered the matter continued to January 9, 1995, and gave notice to all parties of an order to show cause for "sanctions and/or dismissal." The notice stated that "appearance is mandatory. Mandatory court appearance may only be avoided by filing at least five (5) days prior to the status conference . . . all documents necessary to otherwise effect a final disposition as to all issues and parties to the action. Sanctions for noncompliance, including dismissal of the action . . . will be assessed against any party who fails to appear. . . ."

On January 9, 1995, the status conference was called and no appearance was made by any party. The court ordered the case dismissed without prejudice and gave notice to all parties. An order of dismissal without prejudice was filed on April 3, 1995.

On April 13, 1995, Exchange filed a notice of appeal and thereafter an opening brief. Respondent did not appear or challenge the appeal. On December 14, 1995, the superior court affirmed the dismissal with a written opinion which stated, in part: "Appellant argues that the trial court's issuance of an order to appear under the facts of this case 'constituted an improper exercise of judicial authority and, thus, the failure to have obeyed that improper order cannot form the basis of dismissal.' In essence, appellant

complains that the trial court was requiring needless appearances. However, the same argument was made under similar circumstances in *California Casualty Indemnity Ins. Co.* v. *Mendoza* (1995) 36 Cal.App.4th 678 [42 Cal.Rptr.2d 258]. In that case, the court stated in response: 'Although one may consider a [case management conference under the facts of this case] to be inappropriate—a waste of valuable time for both the trial court and counsel—the failure to appear at the [case management conference], and especially at the [order to show cause] regarding dismissal, before seeking relief from the appellate court, is improper. Counsel may not dictate what hearing a trial court may hold. The attempt to bypass the trial court to challenge the necessity of court appearances, is akin to failure to exhaust administrative remedies. [¶] One may seek changes in court policy through rules committees of the bench and bar, conferences with the presiding judge of the trial court, and, of course, vigorous argument at hearings. We understand the frustration counsel expresses here, but he may not ignore orders of the trial court to appear at noticed motions.' (*Id.* at pp. 681-682.) The reviewing court concluded that the trial court did not abuse its discretion in setting the order to show cause hearing and dismissing the case after the plaintiff failed to appear at such hearing. [¶] Under the above authorities, we conclude the trial court did not abuse its discretion by dismissing this case as a result of appellant's failure to appear at the status conference and the order to show cause.[4]" Footnote 4 states: "We are not unsympathetic to appellant's position; however, we are bound by the *California Indemnity Ins. Co.* case. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 454-456 [20 Cal.Rptr. 321, 369 P.2d 937].) [¶] The order of dismissal is affirmed. . . ."

We ordered the matter transferred "pursuant to California Rules of Court, rule 62" because it appeared "necessary to determine an important issue of law."

## DISCUSSION

■    This action was subject to the "fast track" rules adopted in connection with the Trial Court Delay Reduction Act, Government Code section 68600 et seq. Section 68608, subdivision (b) provides the following authorization to courts: "Judges shall have all the powers to impose sanctions authorized by law, including the power to dismiss actions or strike pleadings, if it appears that less severe sanctions would not be effective after taking into account the effect of previous sanctions or previous lack of compliance in the case. Judges are encouraged to impose sanctions to achieve the purposes of this article."

This section was derived from prior Government Code section 68609, subdivision (d) which was addressed in *Laborers' Internat. Union of North*

*America* v. *El Dorado Landscape Co.* (1989) 208 Cal.App.3d 993 [256 Cal.Rptr. 632]: "As we recently discussed in *Moyal* v. *Lanphear* [1989] 208 Cal.App.3d 491 at page 500 [256 Cal.Rptr. 632], fast track local rules (e.g., Fast Track rule 10.7(b)(5)), along with Code of Civil Procedure sections 575.1, 575.2, 177.5, California Rules of Court, rule 227, and [Gov. Code,] § 68609(d), provide a 'comprehensive statewide scheme of regulation of [and imposition of sanctions in] fast track matters, *which attempts to balance the need for expeditious processing of civil matters with the rights of individual litigants.*' " (*Id.* at p. 1004, fn. omitted, italics added.)

Exchange concedes that the provisions of section 68608, subdivision (d) allow the trial court to dismiss cases in the appropriate circumstances. However, it argues that it complied with rule 525 of the California Rules of Court to effectuate the settlement in this case, and therefore the trial court erred in holding the status conference and in dismissing the action when the parties failed to appear pursuant to the order to show cause.

California Rules of Court, rule 525, as pertinent, states: "(a) [**Notice of settlement**] If a case is settled, plaintiff shall immediately give the court and any arbitrator written notice. The plaintiff shall also immediately give oral notice if a hearing, conference, or trial is imminent. . . . [¶] (c) [**Conditional dismissal**] If the settlement agreement conditions dismissal on the satisfactory completion of specified terms that are not to be performed within 45 days after the date of settlement, the notice of settlement shall specify the date dismissal is to be filed. If plaintiff does not file a request for dismissal within 45 days after the dismissal date specified in the notice, the court shall dismiss the case unless good cause is shown why the case should not be dismissed." Exchange contends that the court should have waited until September 15, 2001, and allowed Exchange to voluntarily dismiss the action before the court acted. We agree.

California Rules of Court, rule 525 was adopted by the Judicial Council effective January 1, 1992, after the various fast track statutes and rules had been promulgated. Rule 525(c) reflects a pragmatic approach to conditional settlements. The case has been concluded and unless there is a breach of the settlement agreement, there is no further need for an appearance by the parties or for the court to monitor the file. In keeping with the fast track concept, this rule properly balances " 'the need for expeditious processing of civil matters with the rights of individual litigants.' " (*Laborers' Internat. Union of North America* v. *El Dorado Landscape Co., supra*, 208 Cal.App.3d at p. 1004.) While we can appreciate the desire of the trial court to effect some type of final disposition earlier than September 2001, requiring that the parties utilize a local "suggested" procedure does not trump rule 525(c).

The appellate department relied upon *California Casualty Indemnity Ins. Co.* v. *Mendoza, supra,* 36 Cal.App.4th 678, in conjunction with *Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450, 454-456 [20 Cal.Rptr. 321, 369 P.2d 937] as precedent to require it to affirm the dismissal. While *Auto Equity Sales* does require a court of inferior jurisdiction to follow a rule established by a court of superior jurisdiction, *California Casualty Indemnity Ins. Co.* v. *Mendoza* is not authority for dismissal of an action after notice of settlement is given as provided by California Rules of Court, rule 525. In *California Casualty* there was no settlement. Instead, plaintiff had obtained a default, but failed to prove up the default. A notice of status conference was given and plaintiff failed to appear. A notice for an order to show cause re dismissal was given, and, again, plaintiff failed to appear. The court dismissed the action and the Court of Appeal affirmed. We cannot equate a failure to prove up a default, coupled with two failures to appear, with the facts of this case—an authorized filing of a notice of settlement prior to the date the parties were ordered to appear at the status conference.

We conclude that the trial court abused its discretion by requiring the parties to attend a status conference after they had complied with California Rules of Court, rule 525(c). It follows that dismissal for failure to attend the status conference and the later order to show cause was also an abuse of discretion.

## DISPOSITION

The order of dismissal is reversed. Costs to be incurred by the appellant.

Vogel (C. S.), P. J., and Epstein, J., concurred.