Filed 12/13/13  Hill v. Simon CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CHARLES E. HILL, | B247668 |
| Plaintiff and Appellant, | |
| v. | (Los Angeles County Super. Ct. No. BC489611) |
| BURNIS SIMON et al., | |
| Defendants and Respondents. | |

APPEAL from an order of the Superior Court of Los Angeles County, John Shepard Wiley, Jr., Judge.  Affirmed.

Charles E. Hill, in pro. per., for Plaintiff and Appellant.

No appearances by Defendants and Respondents.

_____

## INTRODUCTION

Plaintiff and appellant Charles E. Hill appeals an order dismissing his action with prejudice. The trial court entered the order after Hill failed to appear at a hearing set pursuant to an order to show cause (OSC) regarding dismissal and sanctions. We conclude that the trial court did not abuse its discretion when it dismissed Hill's case.

## FACTS

On August 6, 2012, Hill filed a complaint against Burnis Simon, Herbert Hafif, the Law Offices of Herbert Hafif (law firm), and the Hafif Family Foundation. The complaint alleges that Hill worked as an employee of the law firm in a building owned by Hafif and managed by Simon. It further alleges that Hill was exposed to airborne asbestos while working in the building and that defendants concealed this exposure. Based on these allegations, the complaint purports to set forth a class action for battery, premises liability and fraud.[1]

On the same day he filed the complaint, Hill filed a sworn declaration in support of his objection to the judge handling the case. Hill stated in his declaration: "No matter who is assigned this case in Los Angeles County Superior Court, the Judge assigned is disqualified from hearing this case or performing any action other than filing a recusal." Most of Hill's declaration was incoherent.[2] As best as we can decipher, Hill argued that *all* judges of the superior court had a conflict of interest because they received compensation from both the state and the county.

---

[1] We take judicial notice of the complaint and the other documents filed in Los Angeles County Superior Court which were attached as exhibits to Hill's petition for writ of mandate filed in this court on October 19, 2012. (Evid. Code, §§ 452, 459.)

[2] For example, Hill concludes his declaration by stating: "Now, I am going to speak in Code. To the hive of the bumble bee, the tip of the arrow, the dancing foot of the penguin, the owl who gave a hoot, the reed along the Yangtze river, the thing you put off until tomorrow, the leopard's spots, the fly on the elephant's back, the shine on the penny, the idea sitting outside the box, the square root, the rook on the chess board, the curious worm, the heat from the lava rock, the fish on the end of the line, the quote of the raven, and the treasure buried in the pyramid walls, I say this: Jeremiah was a Bullfrog. [¶] Without God, there is nothing."

2

On August 7, 2012, Judge John Shepard Wiley, Jr. was assigned the case. On August 8, 2012, the court entered an order striking Hill's statement of disqualification. This order stated: "Most of Hill's declaration is not cogent. The decipherable portions demonstrate no legal grounds for disqualification."

From October 2012 to April 2013, Hill unsuccessfully attempted to overturn the trial court's order striking his statement of disqualification. He first filed a petition for writ of mandate in this court (Case No. B244634). Then Hill filed a petition for review in the California Supreme Court (Case No. S206293). Finally, Hill filed a petition for writ of certiorari (See 133 S.Ct. 1249) and a petition for rehearing (See 133 S.Ct. 1750) in the United States Supreme Court. All of Hill's petitions were denied.

In the meantime, the proceedings in the trial court continued. The court determined that Hill's action was a complex case. It also scheduled an initial status conference on October 31, November 7, and December 12, 2012. Hill, however, did not appear at any of the scheduled conferences. At the final scheduled conference, the court stated the case would be dismissed with prejudice if Hill did not appear at the hearing scheduled on January 30, 2013. The court also entered an OSC regarding dismissal of the action and sanctions.

On January 30, 2013, Hill did not appear at the OSC hearing. The court thus entered a signed order on that day dismissing Hill's action with prejudice. Hill filed a timely notice of appeal of the court's January 30, 2013, order.[3]

## ISSUE

The issue on appeal is whether the trial court abused its discretion by dismissing Hill's action with prejudice.

## DISCUSSION

Under the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.) (the Act), trial judges are required to actively manage civil litigation in order to ensure cases are resolved in an efficient and timely manner. (Gov. Code, § 68607; *California*

---

[3]     The order constitutes an appealable judgment. (Code Civ. Proc., § 581d.)

3

*Casualty Indemnity Ins. Co. v. Mendoza* (1995) 36 Cal.App.4th 678, 681 (*California Casualty*).)  The Act specifically requires judges to "[a]dopt and utilize a firm, consistent policy against continuances."  (Gov. Code, § 680607, subd. (g).)

Pursuant to the Act, the Judicial Council promulgated rules of court regarding the superior court's management of cases.  (Gov. Code, § 68603; Cal. Rules of Court, rule 3.710.)  In a case designed as complex, such as this one, the rules require the trial court to hold an initial case management conference at the earliest practical date.  (Cal. Rules of Court, rule 3.750, subd. (a).)

If litigants fail to fully comply with a judge's orders entered in furtherance of the purposes of the Act, the judge has the power to impose sanctions, including the power to dismiss the action.  (Gov. Code, § 68608, subd. (b).)  We review a sanctions order dismissing an action for abuse of discretion.  (*California Casualty*, *supra*, 36 Cal.App.4th at pp. 680, 682 [holding trial court did not abuse its discretion in dismissing action after the plaintiff did not appear at a hearing on an OSC].)  A trial court abuses its discretion when it exercises its discretionary authority in an arbitrary, capricious, or patently absurd manner.  (*Hernandez v. Amcord, Inc.* (2013) 215 Cal.App.4th 659, 678.)

Here, consistent with its obligations under the Act and the California Rules of Court, the trial court scheduled an initial case management conference on three occasions.  Hill failed to appear at any of these conferences.  He also failed to file any papers with the court indicating he would not or could not attend.  The court then gave Hill one final opportunity to comply with the court's directives by issuing an OSC regarding dismissal and sanctions.  Hill ignored the OSC and failed to appear at the hearing scheduled on January 30, 2013.  Under these circumstances, we have no difficulty concluding that the trial court acted well within its discretion in dismissing Hill's action with prejudice.

Most of Hill's opening brief is dedicated to his arguments regarding the trial court's order denying his request to disqualify the judge handling the case.  A timely writ petition, however, was Hill's exclusive avenue to challenge that order.  (Code Civ. Proc., § 170.3, subd. (d).)  A ruling on a disqualification request " 'is neither directly appealable

4

nor reviewable on appeal from the subsequent final judgment.' " (*D.C. v. Harvard-Westlake School* (2009) 176 Cal.App.4th 836, 849-850.)  We therefore cannot review in this appeal Hill's challenge to the trial court's August 8, 2012, order.

Hill's opening brief also includes extraneous, rambling and incoherent stories that have no connection whatsoever to the issue raised in this appeal.[4]  We caution Hill, a licensed attorney, that if he includes such frivolous discussions in future briefs filed in this court, he may be subject to sanctions.  (See Cal. Rules of Court, rule 8.276.)

On page 47 of his opening brief, Hill addresses for the first time the merits of the trial court's order dismissing his action.  Hill contends that he did not prosecute the action and attend the scheduled case management conferences "for good reason."  "If he had attended the OSC or any status conference," Hill argues, "the court could claim [Hill] waived the disqualification issue that was then up on appeal."

This is a frivolous argument.  In his petition for writ of mandate, Hill requested a stay of the superior court proceedings while the petition was pending.  We denied that request.  Likewise, Hill did not obtain a stay order from the California Supreme Court or United States Supreme Court.  Hill therefore had no legal or equitable justification for his failure to appear at case management conferences or the OSC hearing.

Finally, Hill argues that the justices of this court are required to recuse themselves because they are biased and prejudiced against him and because they are "potential witnesses" in the case.  Hill contends the justices of this court have "personal knowledge of disputed facts at issue in the appeal . . . because they either received compensation from the counties when they sat as trial judges, or they have knowledge as to those payments from coming into contact with fellow trial judges."

---

[4]     For instance, Hill includes in his brief a 15-page tale about a German king.  The tale involves characters such as a serpent, a sorcerer, a "voice from heaven," and a frog.  Hill also presents a two-page story which takes place in a San Francisco saloon in 1849.

This, too, is a frivolous argument. The justices of this court have no personal knowledge of any facts relating to the issue in this appeal, namely whether the trial court abused its discretion in dismissing Hill's action. Further, as stated *ante*, whether Judge Wiley should have granted Hills's request for disqualification is not an issue in this appeal. Thus the alleged knowledge of the justices of this court regarding the compensation of superior court judges is not conceivably relevant. Additionally, Hill has not presented a cogent argument regarding any alleged bias or prejudice by a justice of this court. We therefore reject Hill's recusal request.

After reviewing all of Hill's arguments, we find no reason to reverse the trial court's dismissal order. To the contrary, we commend the trial court for upholding its responsibilities under the Act and efficiently and fairly disposing of this matter.

**DISPOSITION**

The order dated January 30, 2013, is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

KITCHING, J.

We concur:

KLEIN, P. J.

ALDRICH, J.

6