Filed 4/2/15  Chen v. JP Morgan Chase Bank CA2/2

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| SHU DI CHEN,<br><br>    Plaintiff and Appellant,<br><br>    v.<br><br>JP MORGAN CHASE BANK, N.A. et al.,<br><br>    Defendants and Respondents. | B255577<br><br>(Los Angeles County<br>Super. Ct. No. BC517388) |

        APPEAL from a judgment of the Superior Court of Los Angeles County. Robert L. Hess, Judge.  Affirmed.

        Shu Di Chen, in pro. per., for Plaintiff and Appellant.

        Morgan, Lewis & Bockius, Thomas M. Peterson, Jeremy N. Lateiner, Joseph Duffy, and Joseph V. Quattrocchi for Defendant and Respondent JP Morgan Chase Bank, N.A.

* * * * * *

Shu Di Chen (Chen) appeals the dismissal of her lawsuit. She argues that the trial court should have overruled the demurrer to her first amended complaint (FAC). However, the trial court dismissed her case because she did not appear at two noticed hearings. Because the trial court did not abuse its discretion in so dismissing, we affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Proceeding pro se, Chen sued Greenpoint Mortgage Funding Inc., JP Morgan Chase Bank, N.A. (Chase) and others for engaging in unlawful business practices (Bus. & Prof. Code, § 17200) and sought injunctive relief.

In anticipation of the case management conference (CMC) mandated by local rule (Super. Ct. L.A. County, Local Rules, rule 7.9)[1], Chen and Chase filed CMC statements; each statement listed March 19, 2014 as the date of the conference. When Chen did not appear at the conference, the trial court issued an order to show cause (OSC) as to why the case should not be dismissed and/or why monetary sanctions should not be imposed, and set a hearing date of April 9, 2014. Chase served notice of the OSC on Chen, which included the April 9, 2014 date and specified a deadline for any written response. When Chen did not file a response or appear at the OSC hearing, the court dismissed her case, pursuant to Government Code section 68608, subdivision (b)[2], based on Chen's "unexcused failure to appear" at the CMC and the OSC hearing.

Chen appeals.

## DISCUSSION

In her opening brief, Chen argues that the FAC is legally sufficient. But all we have before us is the trial court's dismissal order under section 68608, subdivision (b).

---

[1]    The Local Rules of the Superior Court of Los Angeles County were revised and reorganized effective January 1, 2015, and this is now rule 3.25. The local rules cited in this opinion are the former local rules applicable at the time of the events in this case.

[2]    All further statutory references are to the Government Code unless otherwise indicated.

2

We review such orders for an abuse of discretion. (*California Casualty Indemnity Ins. Co. v. Mendoza* (1995) 36 Cal.App.4th 678, 680-682 (*Mendoza*).)

The trial court's order was well within its discretion. Enacted as part of the Trial Court Delay Reduction Act (§ 68600 et seq.), section 68608, subdivision (b) empowers judges "to impose sanctions authorized by law, including the power to dismiss actions or strike pleadings, if it appears that less severe sanctions would not be effective after taking into account the effect of previous sanctions or previous lack of compliance in the case. Judges are encouraged to impose sanctions to achieve the purposes of this article." Here, Chen did not appear at the CMC or at the hearing on the OSC hearing regarding her earlier nonappearance; dismissal on these same facts was upheld in *Mendoza*, *supra*, 36 Cal.App.4th at pp. 680-682. Because Chen represented herself, this is not a case where a party is being punished for her attorney's misfeasance. (*Garcia v. McCutchen* (1997) 16 Cal.4th 469, 471.) Moreover, we are not permitted to give pro se litigants any greater leeway; they, too, are presumed to know the delay reduction rules. (*Wantuch v. Davis* (1995) 32 Cal.App.4th 786, 795.)

In her reply brief, Chen does not dispute her awareness of the two hearing dates or her nonappearance; instead, she argues that she had a good reason for not showing up—namely, the trial court threatened to dismiss her case if she did not obtain counsel. This argument has been forfeited. (*Singh v. Southland Stone, U.S.A., Inc.* (2010) 186 Cal.App.4th 338, 362, fn. 18 [arguments raised for the first time in reply brief are forfeited].) It is also without any factual support. Chen provides no transcript of the hearing at which the trial court is alleged to have made this statement. It is also not clear when this hearing occurred, as the hearing date Chen provides is March 19, 2014—the same date as the CMC she did not attend. Chen has not carried her burden of showing error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.)

**DISPOSITION**

The judgment is affirmed.  Costs on appeal are awarded to Chase.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.

HOFFSTADT

We concur:


_____, P. J.

BOREN


_____, J.

ASHMANN-GERST

4