Filed 1/19/23  Pope v. Potts CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| ILSE M. POPE,<br><br>    Plaintiff and Appellant,<br><br>v.<br><br>JASON E. POTTS,<br><br>    Defendant and Respondent. | 2d Civil No. B322856<br>(Cons. w/ B322857)<br>(Super. Ct. No. VCU281949)<br>(Tulare County) |

Appellant Ilse Pope settled a lawsuit against respondent Jason Potts for $350,000.  In 2009, the trial court entered judgment against Potts after he defaulted on the first of five scheduled settlement payments to Pope.  Pope sought to renew the judgment in 2020.  The court clerk rejected her request as filed beyond the 10-year statute of limitations.  (Code Civ. Proc., §§ 683.020, 337.5.)[1]  Pope then filed this enforcement action.

---

[1] We refer to the Code of Civil Procedure unless stated otherwise.

Pope alleged her settlement agreement with Potts remained enforceable. The trial court tentatively sustained Potts' demurrer to the complaint without leave to amend. It changed course at hearing when Pope's counsel insisted he could still plead a timely cause of action. The trial court granted leave but cautioned counsel that sanctions were forthcoming if the amended complaint did not present a "new or different" basis of recovery. The amended complaint did not clear this hurdle. The trial court sustained Potts' second demurrer without leave and awarded $5,100 in monetary sanctions against counsel. This was less than the amount requested by counsel for respondent. Pope and counsel appeals the judgment of dismissal and the order granting sanctions.

We affirm. The lynchpin of our ruling is cogently stated by Presiding Justice Turner: "'The period prescribed in Section 683.020 [ten years] commences on the date of entry and is not tolled for any reason. . . .'" (*Fidelity Creditor Service, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 201.)

FACTUAL AND PROCEDURAL BACKGROUND

Pope sued Potts in 2007 after she lost money in a series of real estate investments promoted by Potts and his associates.[2] They signed a written settlement agreement in March of 2009 (settlement). Potts agreed to pay a total of $350,000 to Pope: $150,000 within 60 days, then $50,000 each year for the next four years on the anniversary of the initial payment. The settlement specified that Pope to seek judgment if Potts defaulted. Potts did not make the initial payment. The trial court entered judgment against him on July 6, 2009, for "monetary damages in the sum of

---

[2] *Pope v. Potts* (Super. Ct. Tulare County, 2007, No. 07-222909).)

$350,000.00 plus 10% legal interest until paid in full" (2009 judgment).

Pope collected about $112,000 from Potts over the next decade by way of wage garnishments. The balance remained unpaid when she sought to renew her judgment in January of 2020. (§ 683.110 et seq.) The clerk returned the notice of renewal as untimely. Pope then filed a "Complaint on Judgment" reciting the terms of the settlement agreement and explaining how Potts defaulted by failing to make the initial payment. She sought a new judgment for the "balance of the [2009] judgment that came due on May 22, 2010 and on that same date in 2011, 2012, and 2013, together with interest from the earliest of those dates . . . ."

Potts demurred to the complaint as barred by the 10-year statute of limitations for actions on judgments. (§§ 683.020, 337.5.) The trial court issued a tentative ruling sustaining the demurrer without leave to amend. At hearing, Pope's counsel sought leave to file an amended complaint with additional allegations that would show the statute of limitations had not yet run. The trial court granted leave but warned that it might impose sanctions if the amended complaint "set forth the same or similar facts with the same or similar argument." Pope's counsel stated that he believed he could "come up with . . . facts and others causes of action" that would survive demurrer.

Pope filed a first amended complaint containing new allegations about her original dispute with Potts and the reasons the parties agreed to settle. She alleged two causes of action. The first sought judgment on the four $50,000 installment payments. The second sought a declaration, among other things, that "[e]ntry of judgment on the [settlement] did not and still does not limit [her] remedies to judgment but also allows all

3

remedies to remain enforceable until the [settlement] was fully performed."

Potts demurred again. The trial court sustained the demurrer without leave to amend and granted Potts' subsequent motion for sanctions pursuant to section 128.7. It found the amended complaint "did nothing to cure the deficiencies noted by the court in its ruling on Defendant's first demurrer." The amended complaint did not plead any exception to the ten-year rule. The trial court rejected Pope's argument that Potts served his motion for sanctions improperly. Pope separately appealed the judgment of dismissal and sanctions order. We consolidated the appeals for oral argument and decision.[3]

*Order Sustaining Demurrer*

We review an order sustaining a demurrer without leave to amend de novo, exercising our independent judgment as to whether a cause of action has been stated as a matter of law under any legal theory. (*Villafana v. County of San Diego* (2020) 57 Cal.App.5th 1012, 1016; *McKell v. Washington Mutual, Inc.* (2006) 142 Cal.App.4th 1457, 1469.) We interpret the complaint reasonably, considering all properly pleaded material facts and those matters subject to judicial notice. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Yvanova v. New Century Mortgage Corp.* (2016) 62 Cal.4th 919, 924.)

The trial court entered judgment against Potts on July 6, 2009. It stated *in toto*: "The parties entered into a written agreement resolving this case. The agreement was signed by

---

[3] See Order dated November 7, 2022. The appeals were transferred from the Sixth Appellate District to this court by order of the Chief Justice dated August 9, 2022. They were originally assigned numbers F082288 (B322856) and F082883 (B322857).

4

Plaintiff on March 19, 2009, with Defendant, JASON POTTS signing on March 23, 2009. Defendant, JASON POTTS has failed to make any payments under the agreement. The first payment under the agreement was due on or about May 22, 2009. Defendant had until June 29, 2009 to cure this default, but failed to do so. [¶] IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff ILSE POPE shall recover from Defendant JASON POTTS monetary damages in the sum of $350,000.00 plus 10% legal interest until paid in full."

Pope sought to renew the judgment in 2020. This was outside section 683.020's ten-year period to enforce money judgments. The first amended complaint seeks to circumvent demurrer by alleging the parties did not intend to limit Pope's enforcement rights to statutory creditor's remedies when they settled. What they may have intended when settling is not relevant. "When a final judgment is entered, all causes of action arising from the same obligation are merged into the judgment." (*Butler America, LLC v. Aviation Assurance Co., LLC* (2020) 55 Cal.App.5th 136, 143, citing *Diamond Heights Village Assn., Inc. v. Financial Freedom Senior Funding Corp.* (2011) 196 Cal.App.4th 290, 301.) "The judgment extinguishes the contractual rights of the parties and substitutes only such rights as attach to the judgment." (*Butler America, supra,* at p. 143.)

The 2009 judgment leaves nothing open to interpretation. Potts defaulted on a settlement with Pope; Potts failed to cure; Pope could recover $350,000 plus post-judgment interest from Potts. The judgment does not require Pope to enforce her debt piecemeal as the installment payments would have come due each May 22. It does not incorporate the terms of the settlement or refer to the settlement as an exhibit. If Pope or Potts intended this, the time to correct the 2009 judgment passed long ago. A

5

party must seek relief from judgment taken "through his or her mistake, inadvertence, surprise, or excusable neglect" within a reasonable time, but "in no case exceeding six months" after judgment is taken. (§ 473, subd. (b).) A decade has passed.

Assuming for the sake of argument the settlement remained enforceable independently of the judgment, any cause of action in contract has likewise expired. (§ 337, subd. (a) [four-year limitations period applies to "[a]n action upon any contract, obligation or liability founded upon an instrument in writing"].) The settlement contains no provision waiving the statutory limitations period. (§ 360.5 ["No waiver shall bar a defense to any action that the action was not commenced within the time limited by this title unless the waiver is in writing and signed by the person obligated"].) The first amended complaint's invitation to consider intent and implication contravenes the integration clause, which describes the settlement as the "entire, final and binding understanding between the parties."

*Sanctions Award*

Section 128.7, subdivision (b)(2) requires attorneys and unrepresented parties to certify that "claims, defenses, and other legal contentions" contained in their court filings "are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law." "[T]he trial court retains the discretion, upon the finding of a violation of [section 128.7,] subdivision (b), to determine whether a sanction is warranted in the first instance; and, if so, the type and amount of sanctions warranted." (*Kojababian v. Genuine Home Loans, Inc.* (2009) 174 Cal.App.4th 408, 422.) We reverse only if the court's abuse of discretion amounts to a miscarriage of justice. (*Ibid.*)

6

Counsel's zealous advocacy earned his client a second opportunity to plead her case. The trial court cautioned counsel to "present something new or different" or risk sanctions. The subsequent pleading, however, simply ornamented the same flawed theory of recovery and did not allege why the ten-year rule was not applicable. No amount of even "artful pleading" can circumvent the ten-year rule of section 683.020. There was no miscarriage of justice in granting of sanctions in favor of a party compelled to indulge his opponent's repackaging of meritless claims. Counsel's duty of zealous advocacy must on occasion yield to their duties to the court. The line counsel must walk is sometimes narrow. (See *Pacific Trends Lamp & Lighting Products, Inc. v. J. White, Inc.* (1998) 65 Cal.App.4th 1131, 1136 [sanction statutes "were crafted by the Legislature to strike a balance between competing interests: the need to control improper litigation 'tactics' and the desire to avoid chilling vigorous advocacy"].)

CONCLUSION

Judgment is affirmed. Respondent shall recover his costs on appeal.

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:


GILBERT, P. J.


BALTODANO, J.

7

David C. Mathias, Judge
Superior Court County of Tulare

_____

Herr Pedersen & Berglund, Leonard C. Herr , Ron Statler and Monica Rast, for Plaintiff and Appellant.

Wanger Jones Helsley, Oliver W. Wanger and Steven M. Crass, for Defendant and Respondent.