Filed 9/8/15  Mireles v. ConocoPhillips Co. CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE


| | |
|---|---|
| FELIPE MIRELES et al., | B262204 |
| Plaintiffs and Appellants, | (Los Angeles County Super. Ct. No. BC503381) |
| v. | |
| CONOCOPHILLIPS COMPANY, | |
| Defendant and Respondent. | |


APPEAL from the judgment of the Superior Court of Los Angeles, Robert A. Dukes, Judge.  Reversed.

Grassini, Wrinkle & Johnson, Roland Wrinkle, Brian Hong, for Plaintiffs and Appellants.

Cannon & Nelms, Robert W. Nelms, Shanna E. Burkholder, for Defendant and Respondent.

_____

Plaintiff Felipe Mireles went to a 76 gas station to have his propane tank filled and sustained personal injuries caused by a propane fire. Felipe and his wife Maria (collectively, plaintiffs) brought an action against ConocoPhillips Company (ConocoPhillips) and other various defendants for negligence and loss of consortium. Plaintiffs alleged that at the time of the incident, defendants were agents of each other and acting within the course and scope of their authority as such agents. Plaintiffs claimed defendants were negligent in selling, dispensing, marketing, providing, and servicing the propane to Felipe,[1] and also negligent in owning, operating, controlling, and managing the property and propane dispensing business. Plaintiffs further alleged that because of defendants' negligent acts, he was severely burned and injured.

ConocoPhillips filed a motion for summary judgment on the grounds that (1) it did not own, operate, lease, control, or manage the business location and property where the incident occurred, (2) it did not own, operate, lease, control, or manage the propane which caused the incident, and (3) it did not own, operate, lease, control, or manage the propane equipment that was involved in the incident. The trial court granted the motion on a different ground, finding that "no reasonable trier of fact could find ostensible agency for the 'supply' of the propane under these circumstances." The court reasoned "no reasonable trier of fact could find that a 76 logo displayed outside a gas station means that all other products (i.e. the propane) sold inside the gas station belonged to the 76 Brand."

Plaintiffs contend on appeal that ConocoPhillips failed to satisfy its initial burden of defeating their causes of action, insofar as it did not address the issue of ostensible agency in its summary judgment motion or separate statement of undisputed facts. Plaintiffs also contend Felipe's declaration was improperly excluded as it did not contradict his prior sworn deposition testimony. We need not address the latter issue, because plaintiffs are correct that ConocoPhillips failed to address the issue of ostensible

---

[1] Felipe and Maria Mireles will be referred to individually by their first names for ease of reference.

2

agency in the motion for summary judgment and separate statement of undisputed material facts, and consequently ConocoPhillips was not entitled to judgment as a matter of law. We reverse.

## STATEMENT OF FACTS

On October 1, 2011, Felipe was at the 76 gas service station located at 551 North Sunset Avenue, La Puente, California (the subject location), to have his propane tank filled. Felipe sustained personal injuries caused by a propane fire (the incident) at the subject location. ConocoPhillips supplied gasoline fuel to sell at the subject location. ConocoPhillips also owned the 76 gas station brand and gave the owner of the subject location a license to utilize the brand in connection with the sale, marketing, and advertising of the gasoline fuel. The subject location displayed the 76 brand name and "orange ball" signage associated with the brand. Convenience Retailers LLC owned and Field Energy Corporation operated the subject location. Suburban Propane, LP supplied the propane and Field Energy Corporation leased the propane tank equipment from them. Suburban Propane, LP was to perform all maintenance on the equipment.

## PROCEDURAL BACKGROUND

**Complaint**

Plaintiffs filed a complaint against ConocoPhillips and other defendants,[2] asserting a cause of action for negligence and loss of consortium. Plaintiffs alleged Felipe brought a propane tank to the subject location "to purchase propane from Defendants, and have

---

[2] The other named defendants include Phillips 66, ConocoPhillips, Pacific Convenience & Fuels LLC (erroneously sued as PCF Acquisition Co, LLC), Phillips 66 Company, Suburban Propane, LP (erroneously sued as Suburban Propane Partners), 76/Circle K#5695, Field Energy Corporation, Tosco Marketing Company (erroneously sued as TMC Franchise Corporation), Nelson L. Huang, and Stephen A. Dakay.

3

Defendants fill his propane tank." Using the standard pleading language to allege agency, plaintiffs pled that "at all times herein mentioned, defendants, and each of them, were the agents, . . . each of the other, and at all times pertinent hereto were acting in the course and scope of their authority as such agents . . . ." Additionally, "Defendants, and each of them, so negligently, carelessly, recklessly and with gross negligence sold, dispensed, marketed, provided and serviced the aforementioned propane to [Felipe] . . . so negligently, carelessly, recklessly and grossly negligently owned, operated, controlled and managed such gas station property and propane dispensing business, and so otherwise acted negligently, recklessly, carelessly and with gross negligence, so as to legally and proximately cause a fire and [Felipe] to be severely burned and injured." An answer to the complaint was filed on behalf of all defendants.

**Summary Judgment Motion**

In its notice and motion for summary judgment, ConocoPhillips stated, "This motion is based on the grounds that there is no triable issue of material fact as ConocoPhillips owed no duty to plaintiff Felipe Mireles in negligence and cannot likewise be held responsible for plaintiff Maria Mireles' loss of consortium claim arising from the alleged propane accident as ConocoPhillips:  1) did not own, operate, lease, control or manage the business location and property where the subject accident occurred, 2) did not own, operate, lease, control or manage the propane which caused the subject accident, and 3) did not own, operate, lease, control or manage the propane equipment that was involved in the subject accident."

ConocoPhillips' separate statement of material facts in support of the motion, contained, in its entirety, the following 13 undisputed facts:  "1.  On October 1, 2011, plaintiff Felipe Mireles was at the gas service station located at 551 N. Sunset Blvd., La Puente, California, ("Subject Location") to have his propane tank filled.  [¶]  2.  On October 1, 2011, the Subject Location sold and dispensed propane.  [¶]  3.  On October 1, 2011, plaintiff Felipe Mireles was at the subject location to purchase propane.  [¶]  4.  On

4

October 1, 2011, plaintiff Felipe Mireles while at the Subject Property sustained personal injuries caused by a propane fire, (Subject Accident). [¶] 5. Years prior to the Subject Accident, that is in early 2009, ConocoPhillips Company sold the Subject Location. [¶] 6. From 2009 up through the day of the Subject Accident, the real property at the Subject Location was not owned by ConocoPhillips Company aka ConocoPhillips ("ConocoPhillips"). [¶] 7. From 2009 up through the day of the Subject Accident, the service station at the Subject Location was not owned or operated by ConocoPhillips. [¶] 8. From 2009 up through the day of the Subject Accident, the service station at the Subject location was not leased by ConocoPhillips. [¶] 9. From 2009 up through the day of the Subject Accident, the service station at the Subject Location was not operated by ConocoPhillips. [¶] 10. From 2009 up through the day of the Subject Accident, the propane at the Subject Location was not supplied by or sold by ConocoPhillips. [¶] 11. From 2009 up through the day of the Subject Accident, **none** of the equipment, including the propane equipment at the Subject Location was owned, leased, operated, repaired, managed, or maintained by ConocoPhillips. [¶] 12. ConocoPhillips owed no duty to plaintiff Felipe Mireles as it did not own, operate, lease, manage, nor was it responsible to repair or maintain either the land, propane operations, the propane or the propane equipment which caused his alleged injuries sustained on October 1, 2011. [¶] 13. ConocoPhillips is not liable to Maria Mireles for her loss of consortium claim as it did not proximately cause the injuries to her husband (plaintiff Felipe Mireles) on the day of the Subject Accident."

In its memorandum of points and authorities in support of the motion, ConocoPhillips argued that it owed no duty to Felipe because ConocoPhillips did not own, lease or operate the subject location, provide the propane and its equipment. In 2009, ConocoPhillips sold the subject property to Convenience Retailers LLC through its agent PCF AcquisitionCo, LLC and parent company, Pacific Convenience & Fuels LLC. Field Energy Corporation was the operator of the subject location and Suburban Propane, LP, was the sole supplier of propane on the day of the incident.

5

**Opposition to Summary Judgment Motion**

Plaintiffs opposed the motion for summary judgment by principally arguing that ConocoPhillips failed to shift the burden of production with respect to the theory of ostensible agency. Plaintiffs further argued that notwithstanding ConocoPhillips failure of proof on ostensible agency, a triable issue of fact existed on this theory of liability. Plaintiffs filed their own separate statement of additional material facts, which contained the following facts that addressed the issue of ostensible agency. Prior to January 30, 2009, and continuing until at least May 1, 2012, "ConocoPhillips owned, licensed and franchised independent operators, dealers, resellers and branded marketers to use; and controlled and held all legal and intellectual property rights to; certain brand names, trademarks and service marks, including the '76' gas station brand associated with the 'orange ball' logo." "As of October 1, 2011, ConocoPhillips owned, controlled and held the brand, trademarks and service marks for the '76' branded gas stations." "As of January 30, 2001, Tosco Marketing Company [(Tosco)] owned, controlled, and held the brand, trademarks, and service marks for the '76' branded gas stations." Tosco entered into an agreement with Chung Kim (previous operator of the subject location) titled the "76 Branded Fee Operating Agreement," which authorized and permitted Kim to employ the 76 brand name and logo at the subject location. In 2002, ConocoPhillips "acquired the brand, trademarks, and service marks for the '76' branded gas stations by operation of a merger with Phillips Petroleum, which had previous acquired the holdings of Tosco." On April 25, 2006, "Kim entered into an agreement with . . . Field Energy Corporation titled the 'Assignment and Assumption of 76 Branded Fee Operating Agreement,' under which Field Energy Corp[oration] assumed the rights and responsibilities held by . . . Kim under the January 30, 2001, 76 Branded Fee Agreement, this assumption was ratified and consented by ConocoPhillips." "As of October 1, 2011, Field Energy Corporation was operating the [subject location] as an authorized 76-branded business." "At all times relevant to this lawsuit, the [subject location] has operated under the brand name '76' and has displayed the 'orange ball' signage associated with that brand name."

6

To support these facts, plaintiffs presented:  the Master Branded Reseller Agreement dated January 30, 2009, between ConocoPhillips and Convenience Retailers LLC; trademark registration materials; ConocoPhillips' responses to the first set of special interrogatories; 76 Branded Fee Operating Agreement dated January 30, 2001, between Tosco and Kim; Assignment and Assumption of 76 Branded Fee Operating Agreement dated April 25, 2006, between Kim and Field Energy Corporation; excerpts of deposition testimony of a ConocoPhillips employee and Field Energy Corporation employee; Amended and Restated Acquisition Agreement dated January 30, 2009, between Pacific Convenience & Fuels, LLC, and ConocoPhillips; and Notice of Assignment of Agreement dated February 3, 2009, from ConocoPhillips to Field Energy Corporation.

The following additional material facts that plaintiffs provided were exclusively supported by Felipe or Maria's declaration, or both.  Felipe "has patronized '76'-brand gas stations almost exclusively for over 37 years."  When close to home, Felipe "virtually exclusively patronized the [subject location] over all other gas stations despite the presence of the following gas stations in the near vicinity of the Mireles home:  Chevron, Mobil, Texaco, Valero, Shell and ARCO, irrespective of the relative prices among the gas stations."  Since 2005, Felipe "has bought propane exclusively and regularly from the [subject location]."  Felipe's "loyalty to the '76' brand was based on his years of experience and the reputation of the brand, both of which led [him] to the belief that '76'-brand establishments had superior safety and professionalism when compared to all other brands."  On October 1, 2011, Felipe went to purchase propane from the subject location because (1) "he had been consistently satisfied with the services, products, and outward professionalism of the '76' brand for over 37 years," (2) "he had special confidence in the '76' brand and its ability to deliver propane in a safe manner," and (3) "he believed that the owner of the '76' brand was the supplier for the propane that was being sold and conveyed at the [subject location]."  He purchased the propane from the subject location "in reliance of his belief that he would be purchasing propane from the same '76' company that had gained his trust for over 37 years."  Felipe's reliance that the subject

7

location "was owned and operated by the same '76' company with which he had always dealt was based in part on the '76' and 'orange ball' logos displayed on the signage." He "had never seen, heard or had brought to his attention any indication that the [subject location] was owned by a different company than the one he had always dealt with." His belief that Field Energy Corporation and/or the subject location were agents of ConocoPhillips was reasonable.

Plaintiffs also attached their prior sworn deposition testimony. In Maria's deposition, she testified Felipe went to the subject location because "that's the one that he usually" went to and since she "met him he used to go to the 76 for everything." She further stated, "Not [just] to that one but to other ones." When plaintiffs' counsel stated, "That's a loyal customer. More than 37 years," Maria retorted, "More than that. More than that." She elaborated, "I don't know why. I would tell him, [w]hy don't you go to the other one, it's cheaper? He would go to the 76." In Felipe's deposition, he testified that he knew that 76 provided the propane for that station "[b]ecause I went there years, years before. And then I always like to go there because my son-in-law told me, [g]o there, it's cheaper, and that's -- that's what I did." He further stated that his grandson told him the subject location provided propane.

**Reply**

ConocoPhillips addressed the ostensible agency issue for the first time in its reply brief. ConocoPhillips argued plaintiffs failed to create a triable issue of fact as to the issue of ostensible agency. It contended plaintiffs had no evidence to support ostensible agency other than the self-serving declaration of Felipe, which is in direct contradiction to his sworn deposition testimony. ConocoPhillips highlighted four separate excepts taken from Felipe's deposition testimony to support their argument that Felipe only went to the subject location because it was convenient, cheaper, and that he believed the 76 brand supplied the propane solely based on what a family member told him.

8

ConocoPhillips also contended it made no representations that caused Felipe to form the belief it was selling the propane.

**Trial Court's Ruling**

The trial court issued its tentative ruling concluding that it would grant the motion for summary judgment because plaintiffs failed to meet their burden to produce evidence establishing a triable issue of fact as to ostensible agency. At the hearing, the court adopted the tentative ruling and entered judgment in favor of ConocoPhillips.[3] Plaintiffs filed a timely notice of appeal.

## DISCUSSION

**Summary Judgment**

Plaintiffs argue the trial court erred in granting summary judgment because ConocoPhillips did not meet its initial burden as the moving party by failing to address its potential liability under an ostensible agency theory. We conclude ConocoPhillips failed to address ostensible agency as a theory of liability in the motion for summary judgment, and summary judgment was therefore unavailable.

### *Standard of Review*

"On appeal after a motion for summary judgment has been granted, we review the record de novo, considering all the evidence set forth in the moving and opposition

---

[3] No reporter's transcript on the hearing was provided to this court. However, a minute order was included in the clerk's transcript that stated the trial court adopted the tentative ruling, granting the motion for summary judgment and ConocoPhillips' objections to Felipe's declaration.

papers except that to which objections have been made and sustained." (*Guz v. Bechtel National, Inc.* (2000) 24 Cal.4th 317, 334.) We make "an independent assessment of the correctness of the trial court's ruling, applying the same legal standard as the trial court in determining whether there are any genuine issues of material fact or whether the moving party is entitled to judgment as a matter of law." (*Iverson v. Muroc Unified School Dist.* (1995) 32 Cal.App.4th 218, 222.)

### *Sufficiency of the Complaint to Raise the Theory of Ostensible Agency*

The complaint alleges that each of the defendants is the agent of the other defendants and was acting within the course and scope of that agency. "Agency may be either actual or ostensible. (Civ. Code, § 2298; *Vallely Investments v. BancAmerica Commercial Corp.* (2001) 88 Cal.App.4th 816, 826.)" (*Ermoian v. Desert Hosp.* (2007) 152 Cal.App.4th 475, 502 (*Ermoian*).) "An agency is ostensible when the principal intentionally, or by want of ordinary care, causes a third person to believe another to be his agent who is not really employed by him." (Civ. Code, § 2300.)

Plaintiffs alleged that ConocoPhillips is liable for the allegedly negligent acts of an agent. This pleading encompasses theories of either actual or ostensible agency. (See *Kaplan v. Coldwell Banker Residential Affiliates, Inc.* (1997) 59 Cal.App.4th 741, 745-747 (*Kaplan*); *Emerald Bay Community Assn. v Golden Eagle Insurance Corp.* (2005) 130 Cal.App.4th 1078, 1091 [the pleadings establish the scope of an action].)

"The issue of ostensible agency does not deal with whether an individual is in fact an actual employee, but rather, what the alleged '*principal by his acts has led others to believe.*' [Citation.]" (*Ermoian, supra,* 152 Cal.App.4th at p. 506.) Although ConocoPhillips established in the motion for summary judgment "that no actual agency existed," it did "not address the issue of what third parties reasonably believed based upon" its conduct. (*Ibid.*)

We are satisfied the pleadings placed in issue the question of ostensible agency. The motion for summary judgment did not address this theory of liability.

10

*Obligation to Address All Theories of Liability in the Summary Judgment Motion*

A party moving for summary judgment who fails to address all theories of liability in the motion does not carry the initial burden of showing the nonexistence of a triable issue of material fact. (*Jameson v. Desta* (2013) 215 Cal.App.4th 1144, 1165; *Lopez v. Superior Court* (1996) 45 Cal.App.4th 705, 717.) "If the defendant fails to meet this initial burden, it is unnecessary to examine the plaintiff's opposing evidence; the motion must be denied. (*Quintilliani v. Mannerino* (1998) 62 Cal.App.4th 54, 59-60.)" (*Zoran Corp. v. Chen* (2010) 185 Cal.App.4th 799, 805; *Hawkins v. Wilton* (2006) 144 Cal.App.4th 936, 945 [because summary judgment motion did not negate all theories of employer liability, "the trial court should have held that [the defendant] failed to carry his initial burden and stopped there"].)

ConocoPhillips argues it did not "address ostensible agency because based upon F. Mireles' sworn deposition testimony, there was absolutely no evidence indicating Appellants were (or could) pursue such a theory." The focus of this argument is misplaced, as the issues are not framed by deposition testimony. "'[A] summary judgment motion is directed to the issues framed by the pleadings. [Citations.] Those are the only issues a motion for summary judgment must address. [Citations.]' (*Hilton K. v. Greenbaum* (2006) 144 Cal.App.4th 1406, 1412.)" (*Van v. Target Corp.* (2007) 155 Cal.App.4th 1375, 1387; *Teselle v. McLoughlin* (2009) 173 Cal.App.4th 156, 172 ["a summary judgment motion necessarily is addressed to the pleadings"].) "When an appellate court reviews a ruling on a motion for summary judgment, it must identify the issues framed by the pleadings. (See *Turner v. Anheuser–Busch, Inc.* (1994) 7 Cal.4th 1238, 1252.)" (*Nativi v. Deutsche Bank National Trust Company* (2014) 223 Cal.App.4th 261, 290.)

*Analysis*

Summary judgment should have been denied on the basis that the moving papers and separate statement of undisputed material facts failed to address the theory of ostensible authority. The party opposing summary judgment is entitled, as a matter of due process, to a separate statement setting forth the evidence "to be disputed to defeat the motion." (*United Community Church v. Garcin* (1991) 231 Cal.App.3d 327, 337, superseded by statute on other grounds; compare *San Diego Watercrafts, Inc. v. Wells Fargo Bank, N.A.* (2002) 102 Cal.App.4th 308, 315-316 [trial court has discretion to consider evidence outside the separate statements in granting summary judgment, but consideration of new evidence in the reply to the opposition violated due process].)

"'Summary judgment, although a very useful tool in litigation, is also a drastic remedy. Because of this, it is important that all of the procedural requirements for the granting of such a motion be satisfied before the trial court grants the remedy.' (*Sierra Craft, Inc. v. Magnum Enterprises, Inc.* (1998) 64 Cal.App.4th 1252, 1256.)" (*Magana Cathcart McCarthy v. CB Richard Ellis, Inc.* (2009) 174 Cal.App.4th 106, 117.) This case does not involve a situation in which evidence was submitted to the trial court, but was not set forth in the motion for summary judgment. Here, the motion for summary judgment and the separate statement were both completely silent on the issue of ostensible agency.

The conclusion that the summary judgment cannot stand should not be interpreted as an opinion on the merits of the issue of ostensible agency. This opinion requires only that the issue of ostensible agency will have to be resolved by some means other than summary judgment.

**DISPOSITION**

The judgment is reversed.  Plaintiffs Felipe and Maria Mireles shall recover their costs on appeal.

KRIEGLER, J.

We concur:

TURNER, P. J.

BAKER, J.