Filed 8/31/23 Nguyen v. Yee CA2/3

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THUY HUYNH NHAT NGUYEN, <br><br> Plaintiff and Appellant, <br><br> v. <br><br> HENRY C. YEE et al., <br><br> Defendants and Respondents. | B319542 <br><br> (Los Angeles County Super. Ct. No. 20STCV38798) |

APPEAL from judgments of the Superior Court of Los Angeles County, Jill Feeney, Judge. Reversed.

Law Offices of London & Le, Victoria Le and Maria H. Skinner for Plaintiff and Appellant.

Cole Pedroza, Kenneth R. Pedroza, Nathan J. Novak; Law + Brandmeyer, Kent T. Brandmeyer and Amanda Mannshahia for Defendants and Respondents Henry C. Yee and Long Life Cardiac Center, Inc.

Fraser Watson & Croutch, David M. Wright and Daniel K. Dik for Defendant and Respondent Xiao Liu.

Plaintiff and appellant Thuy Huynh Nhat Nguyen sued the Long Life Cardiac Center, Inc. (Long Life Center), its chief executive officer Dr. Henry Yee, and nurse technician Xiao Liu for medical negligence after she fell and broke her arm during a treadmill stress test. The Long Life Center and Dr. Yee jointly moved for summary judgment, supported by an expert declaration that the defendants had met the applicable standard of care for performing a stress test and for the care Dr. Yee provided after the fall, and that defendants did not cause plaintiff's injuries. Although the Long Life Center and Dr. Yee argued that Liu was not negligent in administering the stress test, Liu did not join the motion or move separately for summary judgment. The court granted the motion for summary judgment, and ordered judgment be entered in favor of all three defendants.

For the reasons set forth below, we conclude the trial court erred when it granted summary judgment to Liu, because she[1] did not move for summary judgment or comply with the requirements of Code of Civil Procedure section 437c. We additionally conclude that the expert declaration offered by defendants was conclusory and based on disputed facts which made it insufficient to establish the absence of a material fact issue as to breach of duty and causation. Accordingly, we reverse the judgments as to all defendants.

---

[1] The brief filed by Dr. Yee and the Long Life Center refers to Liu as male, but during argument counsel for Liu stated that he believes Liu is female. We will defer to Liu's counsel and refer to Liu accordingly.

2

## FACTUAL AND PROCEDURAL BACKGROUND

### A.     The treadmill exercise stress test

On March 6, 2019, plaintiff went to the Long Life Center for a diagnostic treadmill test. Plaintiff had been referred by her primary care physician after she "complained of sharp chest pain" "off and on at rest and also during walking" and "dyspnea and palpitation during walking." Before starting, the nurse technician, Liu, explained through an interpreter that the test involved walking on the treadmill and obtained plaintiff's permission to begin the test. The interpreter left the room, plaintiff gave her consent for the test to start, and Liu communicated to a supervising physician, Dr. Htay, that the test was beginning. Shortly after Liu started the treadmill, plaintiff fell.

According to a handwritten "incident report" in plaintiff's medical records, when plaintiff fell Liu was able to catch her and "support her body." According to plaintiff, she was walking on the treadmill when she started to fall. (AA 521) She tried to grab the handrails but lost her grip. Her chest hit the treadmill, and her "body rolled into the back of the treadmill" and then "slam[med] into the wall." Plaintiff states that no one did anything to help her until she stood up on her own. Dr. Yee was informed of the incident, examined plaintiff, offered her Tylenol for pain, and arranged for an ambulance to transfer plaintiff to a nearby hospital. Plaintiff was diagnosed with a fractured humerus, the large bone in her upper right arm.

**B.     Plaintiff's complaint and defendants' motion for summary judgment**

On October 8, 2020, plaintiff filed a complaint alleging a single cause of action for "Professional Negligence" against Dr. Yee, the Long Life Center and "doe" defendants who were involved in her care.  Plaintiff alleged that "the employee conducting the [treadmill] test increased the speed of the treadmill too quickly for [plaintiff] to handle, causing her to stumble and fall."  As a result, plaintiff alleged that she suffered "serious physical and emotional damage including but not limited to a right shoulder fracture and other injuries."

On September 3, 2021, Dr. Yee and the Long Life Center filed a motion for summary judgment, arguing that the evidence "conclusively establish[es]" that "both Dr. Yee and the employees at Long Life Cardiac Center complied with the applicable standard of care at all times," and that "the respective care provided to Plaintiff by Dr. Yee and the employees at Long Life Cardiac Center were not substantial factors to Plaintiff's claimed injuries."[2]  In support of the motion, defendants offered, inter alia, the declaration of Dr. Michael Chaikin, a board-certified cardiologist retained by defendants.  Dr. Chaikin's opinion was based upon his education, training, experience and review of the complaint, plaintiff's medical records at the Long Life Center and her subsequent hospital room stay, and plaintiff's deposition transcript.  Dr. Chaikin opined that "[a]ll employees of Long Life Cardiac Center, including Nurse/technician Xiao Liu, complied with the applicable standard of care" during plaintiff's treatment.

---

[2] In the alternative, Dr. Yee and the Long Life Center separately moved for summary adjudication of plaintiff's cause of action for medical malpractice.

4

Specifically, Dr. Chaikin explained that by reviewing the stress test readings, he determined that the test started at approximately 12:37:16. At the that time, he opined, the treadmill "would be moving at 1.7 miles per hour at a 10% grade … the equivalent of a very slow walking pace." The test records indicated that the treadmill stopped less than a minute after the test started. Dr. Chaikin stated the "incident report" indicated that Liu, "who was administering the treadmill test, was able to grab Plaintiff and ease her body to the ground." He opined that the "records indicate that Nurse/technician Xiao Liu was appropriately standing next to Plaintiff during the treadmill test and she was able to ease Plaintiff to the ground." As to the issue of causation, Chaikin opined that "[a]t the time of Plaintiff's fall, the treadmill was moving at a very slow pace for less than a minute. Nurse/technician Xiao Liu was properly supervising Plaintiff and there was no reason to suspect that Plaintiff would stop walking and fall to the ground." Dr. Chaikin thus concluded that "to a reasonable degree of medical probability, no employee of Long Life Cardiac Center, including Nurse/technician Xiao Liu, caused or contributed to Plaintiff's injuries." Dr. Chaikin separately addressed the standard of care and causation as to Dr. Yee's treatment of plaintiff after she fell, opining that it was within the standard of care and did not cause or contribute to plaintiff's injury.

Defendants' separate statement of undisputed facts in support of their motion closely tracked the language of Dr. Chaikin's declaration. For example, defendants' undisputed fact No. 11 states that "All employees of Long Life Cardiac Center, including Nurse/Technician Xiao Liu, complied with the applicable standard of care during Plaintiff Thuy Huynh Nhat

Nguyen's care and treatment." Undisputed fact No. 13 states that "The treadmill was stopped by 12:37:38 and Plaintiff fell less than a minute after the treadmill started to move. The records indicate that Nurse/Technician Xiao Liu was appropriately standing next to Plaintiff during the treadmill test and she was able to ease Plaintiff to the ground." Undisputed fact No. 14 states that "To a reasonable degree of medical probability, no employee of Long Life Cardiac Center, including Nurse/Technician Xiao Liu, caused or contributed to Plaintiff's injuries. At the time of Plaintiff's fall, the treadmill was moving at a very slow pace for less than a minute. Nurse/Technician Xiao Liu was properly supervising Plaintiff and there was no reason to suspect that Plaintiff would stop walking and fall to the ground." Finally, undisputed fact No. 15 states that "Henry Yee, M.D. complied with the applicable standard of care since his only involvement came after he was notified that Plaintiff had fallen. It was appropriate for Dr. Yee to evaluate Plaintiff post-fall, offer Tylenol, and call an ambulance to take Plaintiff to the emergency room for further workup."

Plaintiff opposed the motion arguing the existence of triable issues of fact regarding both standard of care and causation. Plaintiff challenged Dr. Chaikin's opinion regarding causation, arguing that the standard of care required a physician to be present during the treadmill test, and that Dr. Chaikin's opinion that no defendant caused or contributed to plaintiff's injury failed to account for plaintiff's testimony that Liu did nothing to assist her when she fell.

While the motion was pending, the court granted plaintiff leave to amend her complaint to add Liu as a named party, as well as new allegations regarding Liu's conduct during the

6

examination. These amendments (1) made clear that Liu, rather than Dr Yee, administered the treadmill test to plaintiff; (2) added a new allegation that plaintiff was not permitted to stop the treadmill herself; and (3) added that no physician was present when the test started.

With the court's permission, both sides filed supplemental briefs addressing the amendments to plaintiff's complaint. As relevant to this appeal, plaintiff argued there were disputed issues of material fact including whether Liu helped plaintiff when she fell. Plaintiff also argued for the first time that she was excused from presenting an expert declaration to controvert Dr. Chaikin's opinion that the standard of care was met, because under the res ipsa loquitur doctrine a lay trier of fact could decide whether defendants should have expected that someone with plaintiff's symptoms was at risk of falling and injuring herself during a treadmill test.

## C.  **The trial court's ruling on the motion**

After a hearing, the trial court granted defendants' motion. The court referenced the general rule that "[a]n uncontradicted expert declaration is conclusive proof the health care provider met the prevailing standard of care." Citing Dr. Chaikin's declaration, the court found that defendants had met their initial burden of showing that defendants' conduct was within the standard of care, and therefore that "[d]efendants . . . met their initial burden negating breach." The court rejected plaintiff's arguments that Dr. Chaikin lacked expertise in treadmill operation, noting that the argument went to the weight afforded Dr. Chaikin's declaration. The court also rejected plaintiff's argument that her injuries fell within the res ipsa loquitur doctrine, finding that the cause of plaintiff's injury was not a

7

matter of "common knowledge" equivalent to (for example) a surgical implement left in a patient's body, which could only be caused by a lack of due care.

Regarding disputed issues of fact raised by plaintiff, the court found that "Plaintiff's attempts to create a triable issue of material fact are unavailing." The court addressed the issue of whether Liu "helped ease Plaintiff to the ground once she started falling" and concluded that "any discrepancy in this regard is not a material issue of fact. Plaintiff has not provided an expert declaration indicating that the standard of care would have required defendant Xiao Liu or anybody else to catch Plaintiff if she fell."

The court concluded that "Plaintiff has neither invalidated Defendants' expert evidence nor negated her need to provide conflicting expert evidence." The court accordingly ruled that Dr. Chaikin's uncontroverted declaration was dispositive as to Dr. Yee and Liu meeting the standard of care. The court also accepted Dr. Chaikin's opinion that neither Dr. Yee nor Liu did anything to cause or contribute to plaintiff's injury. The court granted summary judgment in favor of all three defendants and ordered counsel for the moving party to prepare a proposed judgment. Plaintiff timely appealed.[3]

---

[3] In its January 4, 2022 minute order, the court stated that the "Summary Judgment Motion of Defendants Henry C. Yee, Long Life Cardiac Center, Inc., and Xiao Liu is granted" and ordered counsel for the moving parties to submit a proposed judgment. The record contains only a judgment dated January 24, 2022, in favor of Liu. A review of the docket reveals no formal judgment was entered as to Dr. Yee or the Long Life Center. This appears to be through inadvertence, since on

8

## DISCUSSION

### A. Standard of review of a summary judgment

Summary judgment is appropriate if there are no triable issues of material fact and the moving party is entitled to judgment as a matter of law. (Code Civ. Proc., § 437c, subd. (c); *Regents of University of California v. Superior Court* (2018) 4 Cal.5th 607, 618.) " ' " ' "We review the trial court's decision de novo, considering all the evidence set forth in the moving and opposing papers except that to which objections were made and sustained." ' [Citation.] We liberally construe the evidence in support of the party opposing summary judgment and resolve doubts concerning the evidence in favor of that party." ' " (*Hampton v. County of San Diego* (2015) 62 Cal.4th 340, 347.) On appeal, we " 'must assume the role of the trial court and

January 14, 2022, plaintiff filed objections to a proposed judgment in favor of Dr. Yee and the Long Life Center, and the court issued a minute order on February 3, 2022, stating that the court "orders judgment entered" in favor of Dr. Yee, the Long Life Center and Liu. The general rule is that an order granting summary judgment is not itself appealable. (*Garcia v. Hejmadi* (1997) 58 Cal.App.4th 674, 680.) Here, however, the parties have briefed the appeal, and no one has argued that the appeal is premature. Thus, "[i]n the interests of justice and to avoid delay, we construe the order granting summary judgment as incorporating an appealable judgment, and the notice of appeal as appealing from such judgment. [Citations.]" (*Levy v. Skywalker Sound* (2003) 108 Cal.App.4th 753, 761, fn. 7.) We construe the minute order dated February 3, 2022, which is the order from which plaintiff appeals, as "incorporating an appealable judgment." So construed, we have jurisdiction to review both the judgment (Code of Civ. Proc., section 904.1, subdivision (a)(1)), and the order granting summary judgment (Code of Civ. Proc., section 906).

9

redetermine the merits of the motion' using the same standards required below." (*Hernandez v. KWPH Enterprises* (2004) 116 Cal.App.4th 170, 175.)

A defendant moving for summary judgment has the initial burden of presenting evidence that a cause of action lacks merit because the plaintiff cannot establish an element of the cause of action or there is a complete defense. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar v. Atlantic Richfield Co.* (2001) 25 Cal.4th 826, 853.) If the defendant satisfies this initial burden, the burden shifts to the plaintiff to present evidence demonstrating there is a triable issue of material fact. (Code Civ. Proc., § 437c, subd. (p)(2); *Aguilar*, at p. 850.)

### B. The trial court erred when it granted summary judgment to a nonmoving party

Plaintiff argues that that the trial court erred when it granted summary judgment in favor of Liu, who did not move for summary judgment or join the motion filed by Dr. Yee and the Long Life Center. We agree.

"The trial court cannot grant summary judgment, except to a party moving for such relief and complying with all of the requirements of section 437c." (*Sierra Craft, Inc. v. Magnum Enterprises, Inc.* (1998) 64 Cal.App.4th 1252, 1254 (*Sierra Craft*); accord, *Schubert v. Reynolds* (2002) 95 Cal.App.4th 100, 108 ["case law makes clear that state trial courts do not have the power to enter summary judgment sua sponte"].) Thus, the trial court lacked the power to grant summary judgment to Liu, a party who had not filed or joined in a motion "complying with all of the requirements of section 437c." (*Sierra Craft*, at p. 1254.)

Liu suggests any error was harmless, because "[p]laintiff had full opportunity to know about, address and oppose [the

10

summary judgment motion] as to Xiao Liu, and simply did so ineffectively." The law is clear, however, that section 473c requires technical compliance. "Any arbitrary disregard of the statutory commands in order to bring about a particular outcome raises procedural due process concerns." (*Brantley v. Pisaro* (1996) 42 Cal.App.4th 1591, 1607.)[4]

### C. The Court erred when it found that defendants met their burden to show they did not breach a duty of care

" 'The elements of a cause of action for medical malpractice are: (1) a duty to use such skill, prudence, and diligence as other members of the profession commonly possess and exercise; (2) a breach of the duty; (3) a proximate causal connection between the negligent conduct and the injury; and (4) resulting loss or damage.' [Citation.]" (*Lattimore v. Dickey* (2015) 239 Cal.App.4th 959, 968.) " ' "When a defendant moves for summary judgment and supports his motion with expert declarations that his conduct fell within the community standard of care, he is entitled to summary judgment unless the plaintiff comes forward with conflicting expert evidence." ' [Citation.]" (*Powell v. Kleinman* (2007) 151 Cal.App.4th 112, 123 (*Powell*).) Plaintiff argues that the trial court erred when it found that defendants

---

[4] Indeed, Liu cites no case to the contrary. Rather, the cases cited by Liu–*Juge v. County of Sacramento* (1993) 12 Cal.App.4th 59; *Marlton Recovery Partners, LLC v. County of Los Angeles* (2015) 242 Cal.App.4th 510; *Ross v. Roberts* (2013) 222 Cal.App.4th 677, and *Bacon v. Southern Cal. Edison Co.* (1997) 53 Cal.App.4th 854–discuss the trial court's power to grant summary judgment to the moving party based on an issue not specifically raised by the moving party in its motion papers.

met their initial burden of production to show that they did not breach a duty of care.  We agree.

The trial court found that Dr. Chaikin's uncontroverted declaration established that defendants' conduct was within the standard of care and that defendants had met their initial burden of negating breach.  Dr. Chaikin opined that "[a]ll employees of Long Life Cardiac Center, including Nurse/technician Xiao Liu, complied with the applicable standard of care during Plaintiff Thuy Huynh Nguyen's care and treatment."  According to Dr. Chaikin, Liu was "appropriately standing next to Plaintiff during the treadmill test and [he] was able to ease Plaintiff to the ground."  He therefore concluded that Liu was "properly supervising" plaintiff during the treadmill test.

However, the mere fact that a "defendant doctor provides an unopposed declaration by an expert does not necessarily mean the court should grant summary judgment." (*Powell*, *supra*,151 Cal.App.4th at p. 123.)  "[T]he expert opinion may not be based on assumptions of fact that are without evidentiary support or based on factors that are speculative or conjectural, for then the opinion has no evidentiary value and does not assist the trier of fact." (*Bushling v. Fremont Medical Center* (2004) 117 Cal.App.4th 493, 510.)  Additionally, " 'an opinion unsupported by reasons or explanations does not establish the absence of a material fact issue for trial, as required for summary judgment[,]' and 'an expert opinion is worth no more than the reasons upon which it rests.' " (*Powell*, at p. 124.)

Dr. Chaikin's opinion that Liu was properly supervising plaintiff was insufficient because it rested on disputed material facts.  Dr. Chaikin relied on the "incident report" to determine that Liu caught plaintiff and eased her fall.  Thus, he concluded

12

that Liu was "properly supervising" plaintiff during the test and, more importantly, that Liu's conduct met the standard of care. According to plaintiff, however, no one caught her when she fell, her chest hit the moving treadmill, and she was propelled into the wall. She stated that no one helped her until she stood up by herself. The discrepancy between the incident report and plaintiff's testimony is not one that Dr. Chaikin could resolve simply by adopting defendants' version of events in the incident report as the basis for his opinion that Liu's conduct met the standard of care. There was no foundation for Dr. Chaikin to opine that Liu was "properly supervising" plaintiff or that she broke plaintiff's fall, which are the only facts supporting his opinion that Liu met the standard of care.

The trial court disregarded this factual dispute as immaterial because plaintiff failed to submit "an expert declaration indicating that the standard of care would have required defendant Xiao Liu or anybody else to catch Plaintiff if she fell." In so doing, the trial court reversed the parties' statutory burdens. Because Dr. Chaikin's opinion that Liu's conduct fell within the standard of care was based on material facts that are in dispute, plaintiff was under no obligation to come forward with an expert declaration to controvert Dr. Chaikin's opinion that the standard of care was met.[5]

---

[5] It may ultimately be the case that defendants will be able to present expert testimony that Liu met the standard of care regardless of whether she caught plaintiff when she fell. For purposes of this appeal, however, no such opinion was presented to the trial court in support of defendants' motion for summary judgment.

13

Under these circumstances, the general rule that we credit an uncontradicted expert declaration that the standard of care was met is inapplicable. In essence, Dr. Chaikin's declaration has the same effect as a hypothetical question posed at trial: in order for his opinion to have any weight, the trier of fact must first determine which version of events it believes. "[A]n expert's opinion that something *could* be true if certain assumed facts are true, without any foundation for concluding those assumed facts exist in the case before the jury, does not provide assistance to the jury because the jury is charged with determining what occurred in the case before it, not hypothetical possibilities." (*Jennings v. Palomar Pomerado Health Systems, Inc.* (2003) 114 Cal.App.4th 1108, 1117 (*Jennings*).)

### D. Defendants did not negate causation

Even if plaintiff established a triable issue of fact as to the issue of breach of duty, summary judgment for defendants would nonetheless be proper if they met their burden to establish the absence of causation. " 'Like breach of duty, causation also is ordinarily a question of fact which cannot be resolved by summary judgment. The issue of causation may be decided as a question of law only if, under undisputed facts, there is no room for a reasonable difference of opinion.' " (*Lawrence v. La Jolla Beach & Tennis Club, Inc.* (2014) 231 Cal.App.4th 11, 33.) For purposes of a defendant's motion for summary judgment, a prima facie showing is evidence that would require a reasonable trier of fact not to find any underlying material fact more likely than not. (*Y.K.A. Industries, Inc. v. Redevelopment Agency of City of San Jose* (2009) 174 Cal.App.4th 339, 353.)

Dr. Chaikin opined that "to a reasonable degree of medical probability, no employee of Long Life Cardiac Center, including

14

Nurse/Technician Xiao Liu, caused or contributed to Plaintiff's injuries." Dr. Chaikin based his opinion on the conclusion that: "Nurse/technician Xiao Liu was properly supervising plaintiff and there was no reason to suspect that Plaintiff would stop walking and fall to the ground." Dr. Chaikin's opinion regarding causation, like his opinion on standard of care, necessarily incorporated Liu's version of events to the exclusion of plaintiff's. His assertion that there is no causation because Liu was "properly" supervising plaintiff during the treadmill test has no probative value if Liu was not, in fact, "properly" supervising plaintiff. (*Jennings*, *supra*, 114 Cal.App.4th at p. 1117.) Nor does he provide any explanation for his conclusion that there was no reason to suspect that plaintiff would "stop walking and fall to the ground."[6] Dr. Chaikin's "opinion unsupported by reasons or explanations does not establish the absence of a material fact issue for trial." (*Kelley v. Trunk* (1998) 66 Cal.App.4th 519, 524.)[7]

---

[6] In fact, the record indicates that plaintiff had come to the clinic complaining of chest pain and dyspenia when walking, which suggests that plaintiff might have trouble performing the treadmill test.

[7] Because we conclude that defendants' expert declaration was insufficient to establish the absence of a material fact issue as to breach of duty and causation, we do not address plaintiff's res ipsa loquitur argument.

**DISPOSITION**

The judgments in favor of Dr. Yee, the Long Life Center, and Xiao Liu are reversed and the matter is remanded for further proceedings consistent with this opinion. Plaintiff is awarded her costs on appeal.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


HEIDEL, J.*


We concur:


LAVIN, Acting P. J.


EGERTON, J.

---

* Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.